### NEWELL and Another *v.* GATLING.

Objections to the jurisdiction of the Court over the person must be taken *in limine*—by demurrer, if the want of jurisdiction appears upon the record, and by plea or answer setting up the facts showing the want of jurisdiction, if the facts do not appear upon the record.

Bill for the rescission of a contract concerning the sale of a patent right, on account of fraudulent representations, &c., excusing delay, &c., held to be sufficient on demurrer.

APPEAL from the *Boone* Circuit Court.

PERKINS, J.—Complaint to obtain the rescission of a contract, on the ground of fraud, and to recover damages.

The complaint shows that *Richard J. Gatling* was the owner of the right to use " *Gatling's* wheat drill," for which a patent had been obtained; that said *Gatling* was a single man, without a family, and a citizen of the state of *North Carolina;* that on the 20th of *November,* 1850, he sold to *Newell* and *Beach* the right to make and use said drill in certain territory in the state of *Michigan,* for the consideration of 3,000 dollars; that on the 5th of *February,* 1851, he sold to them the right to make and use said drill in *Champaign* and other counties of *Ohio,* for the consideration of 3,000 dollars; that a part of these considerations was paid by conveying lots in *Lebanon,* incumbered by a mortgage of 300 dollars, on which was

a store room, stock of goods, &c., the building and goods being conveyed with the lots; and that notes, not yet paid, were given for the balance of the purchase-money of the patent right.

In the spring following the purchases, the complaint shows, *Newell* and *Beach*, at much loss of time and money, made great efforts to sell rights and drills within the territories they had purchased, but without success, while these efforts brought to them the knowledge of the fact that the drill itself was worthless, and the right to use and sell it of no value.

The complaint shows that *Gatling* induced said *Newell* and *Beach* to purchase as they did by false representations. For example, he stated to them that he had a contract with *Minturn, Allen & Co.*, in *Champaign* county, *Ohio*, a county included in the purchase of *Newell* and *Beach*, by which said company were to manufacture drills for the supply of that section, and were to pay him, *Gatling*, 10 dollars a drill for all they sold; that they had already paid him 300 dollars; and that so highly useful and popular was the drill, that the company named were not able to meet the demand, but were about greatly to enlarge their establishment, &c.; when no such facts existed. Other misrepresentations were made. It further appears that in *May*, 1851, *Gatling* left the state of *Indiana*, to attend, as he alleged, the world's fair at *London*, in *England*, and did not return, or make known his place of abode, till the spring of 1853, when *Newell* and *Beach* notified him of the fraud practised in the contract with them, refused to pay the notes outstanding, but took no active measures to rescind, because *Gatling* promised satisfactorily to adjust the matter in controversy; which, however, he did not do, but, in *July*, again left the state, and went to *Missouri*, where he remained till the last of *August*. On his return, still failing to adjust the controversy as he had promised, *Newell* and *Beach* tendered a reconveyance of the patent right, and claimed a rescission of the contract. It is averred that at the time of making the purchase, *Gatling* promised *Newell* and *Beach* that if, at any time, they became

dissatisfied, he would rescind the contract; and, further, that they had not discovered the fraud practised upon them by *Gatling* till after his departure for *Europe*.

At the *March* term, 1854, the defendant, *Gatling*, appeared and demurred to the complaint, and it was amended. He then applied for and obtained a continuance.

At the *September* term, 1854, he again appeared and moved to strike out parts of the complaint, which motion was in part sustained and in part overruled.

The defendant then demurred to the complaint, and the cause was continued.

At the *March* term, 1855, the defendant filed an additional demurrer, which was in part sustained and in part overruled. He then answered, denying the jurisdiction of the Court over his person. The plaintiffs replied.

The defendant moved for a bill of particulars of the expenses incurred by the plaintiffs in attempting to sell drills and rights, and they filed one, with which the defendant was not satisfied, and he accordingly moved for an amended bill.

We have stated enough of the proceedings to present the questions raised by counsel. Both parties complain of rulings of the Court below; both have assigned errors and filed printed briefs. The cause has not been brought to a final hearing on the merits, but only to the point where the Court below ruled that the plaintiffs could not have a rescission, but might recover damages; and the answer of the defendant, when filed, and the depositions the parties may take, may make an entirely different case from that now presented by the record.

We shall enter, therefore, upon no elaborate discussion of the important questions involved, but leave that duty to be performed when all the facts appear before us. We shall notice some minor points, the settling of which will aid the progress of the suit.

We think the party was too late in taking his objection to the jurisdiction of the Court. He waived the point by his previous appearance and action in the cause. Objections to the jurisdiction over the person must be taken in

the first instance—by demurrer, if the want of jurisdiction appears upon the record, and by plea or answer setting up the facts showing the want of jurisdiction, if the facts do not otherwise appear of record.

We think the complaint makes a case which entitles the plaintiffs to a rescission of the contract. We think the delay in proceeding to obtain it, being caused by the action of the defendant, can not be set up to defeat the rescission. We speak, of course, of the case as presented by the complaint alone.

It does not seem to us that a more minute bill of items than has been filed, of the expenses in attempting to sell drills and rights, can be material, for those items could not govern the award of damages, if any should be made. If they could, every man, in attempting to sell rights, &c., would be interested in making his expenses as high as possible, in order, if he abandoned his bargain, to obtain round compensation.

If damages should be given upon the rescission of the contract, the sum might be more, or it might be less, than expenses incurred. The plaintiffs may make proof upon this point under the statements in the complaint. It would rest in the sound discretion of the Court or jury upon all the facts of the case. These facts have not yet been presented, and we express no opinion as to what damages, if any, could be recovered.

The cause is not, at present, properly before us, and ought not to be here. We have examined it at the wish of both parties, but it must not be taken as a precedent governing the action of this Court in future cases.

*Per Curiam.*—The decree that the complaint does not, on its face, make a case entitling the plaintiffs to a rescission of the contract, is reversed, with costs. Cause remanded, with instructions to the Circuit Court to proceed with the cause until it is brought to a final hearing and decree.

J. E. McDonald, S. C. Willson, D. Wallace, E. Coburn and J. W. Gordon, for the appellants.

J. A. Liston and I. Brown, for the appellee.