### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1860, IN THE FORTY-FOURTH
YEAR OF THE STATE.

———————

## JONES *v.* THE CINCINNATI TYPE-FOUNDRY COMPANY.

A contract with a party as a corporation, estops the party so contracting to
deny the existence of the corporation at the time it was contracted with as
such.

If the style by which a party is contracted with is such as is usual in creating
corporations—viz., naming an ideality, but disclosing the name of no indi-
vidual, as is usual in cases of simple partnership—it would *seem* to indicate,
*prima facie*, a corporate existence.

The general denial in the answer, admits the capacity of the plaintiff to sue;
and a special answer in a subsequent paragraph, denying his competency, is
in the nature of a plea in abatement—a dilatory answer—and is inconsistent
with the general denial.

Answers to the jurisdiction, the disability of parties, &c., must precede those
to the merits; because each subsequent plea admits that there is no founda-
tion for the former, and precludes the defendant from afterwards availing
himself of the matter.

APPEAL from the *Grant* Circuit Court.

PERKINS, J.—Suit upon a promissory note.

"The *Cincinnati Type Foundry Company*, a corporation,"

*Monday,
May 28.*

May Term,
1860.

JONES
v.
THE CINCIN-
NATI TYPE
FOUNDRY Co.

&c., "complains of *David W. Jones*, defendant," &c., upon a promissory note, of which a copy is set out thus:

"$279.          *Indianapolis, Indiana, October* 11, 1857.

"Six months after date, I promise to pay to the order of the *Cincinnati Type Foundry Company,* two hundred and seventy-nine dollars, for value received, without relief from valuation laws.          *David W. Jones.*"

The defendant demurred to the complaint. The demurrer was overruled, and rightly.

The defendant then answered—

1. That he was not indebted to the plaintiffs.

2. That each and every allegation of the complaint was untrue.

3. That the plaintiffs had not a legal capacity to sue, because not a corporation.

Issue. Trial. The note constituted all the evidence. Judgment for the plaintiffs on the note.

The appellant contends that the case was not made out against him, because it was not proved that the appellees were a corporation, and thus possessed of the capacity to sue.

The appellees insist that the note sued on is a contract with them as a corporation, and that their existence is thereby admitted.

As a general proposition, it is the law of this state that a contract with a party as a corporation estops the party so contracting to deny the existence of the corporation at the time it was contracted with as such. *Shappel* v. *Hubbard*, at this term (1).

And it has been held in other states that where individuals are incorporated upon performance of certain acts, a person who contracts with them by their corporate name, cannot, in an action against him on the contract, deny the performance by them of the acts necessary to give them a corporate existence. *Hamtranck* v. *The Bank of Edwardsville*, 2 Miss. R. 169.— *Tar River Navigation Co.* v. *Neal*, 3 Hawks, 520. See 1 U. S. Dig., 593; 4 *id.* 433.

In *New York*, to work such estoppel, it has been necessary that the contract should state that the party con-

tracted with was a corporation. But this rule does not prevail in other states. It has not been acted upon in this state.

May Term,
1860.

JONES
v.
THE CINCIN-
NATI TYPE
FOUNDRY Co.

If the style by which a party is contracted with is such as is usual in creating corporations, viz., naming an ideality, but disclosing that of no individual, as is usual in the cases of simple partnerships, it has been treated as *prima facie*, at least, indicating a corporate existence. And such seems to have been the rule at common law. Grant on Corp., 62. Probably, a special answer, in such cases, in the nature of a plea in abatement, might, at the proper time, be made available. See Ang. and Ames on Corp., 506, 507, and the numerous cases in our own Reports.

And there is no hardship in this. The party executing the note, owes the amount of it. The judgment upon it in the suit merges it, and the payment of the judgment satisfies it, and bars any other action against the maker for the money.

But, in this class of cases, it would seem, after all, that the Courts have proceeded upon a rule of evidence, rather than the strict doctrine of estoppel. They have treated the contract with a party by a name implying a corporation, really as evidence of the existence of a corporation, more than as an estoppel to disprove such fact. *Grant*, in his late learned work on Corporations, says: "Generally, the fact of an aggregate body being called by a name, is, *prima facie*, evidence that they are incorporated, 'for the name argues a corporation.' *Norris* v. *Staps*, Hobart, 11. But the Courts take judicial notice that '*A. B.* and company' is not the name of a corporation. *Rex* v. *Harrison*, 8 T. R. 508."

The doctrine of conclusive estoppel seems more properly applied to cases involving the question of legality of organization, where the fact of an existing statute, authorizing, in the given case, such corporation, is known to the Court, either by judicial notice or actual evidence in the cause.

In such cases, where a party has contracted with a body as being organized as a corporation under the law, he will

## 92 CASES IN THE SUPREME COURT

May Term,
1860.

JONES
v.
THE CINCIN-
NATI TYPE
FOUNDRY Co.

be estopped to dispute the legality of the organization. See the cases cited in the U. S. Dig., and Ang. and Ames, *ubi supra*.

This doctrine of estoppel, as applied to contracts with corporations, needs further examination; but it is not important in this case, and we shall not here pursue it. The decision of this case will rest upon another ground.

It is well settled law in this state, that the general denial, by the defendant, of the cause of action stated in the complaint of the plaintiff, admits the capacity of the plaintiff to sue. *Shappel* v. *Hubbard*, at this term (2).

In *The Society for the Propagation, &c.* v. *The Town of Pawlett, &c.*, 4 Pet. 480, Judge STORY, in delivering the opinion of the Court, says: "The general issue admits not only the competency of the plaintiffs to sue, but to sue in the particular action which they bring."

This is now the law in *New York*, by statute. 3 Kern. 309.

And a special plea or answer, denying the competency of the plaintiff to sue, is in the nature of a plea in abatement—a dilatory answer. 4 Pet. *supra; Jones* v. *The Bank of Tennessee*, 8 B. Mon. 122; *Savage Manufacturing Co.* v. *Armstrong*, 17 Maine R. 34; and see 6 N. Hamp. R. 197, 527.

But the order of pleading has always been, and is still, under the code, that pleas or answers, to the jurisdiction, to the disability of parties, &c., must precede those to the merits; and this because, as says Mr. CHITTY in his Pleadings, vol. 1, p. 440, "each subsequent plea admits that there is no foundation for the former, and precludes the defendant from afterwards availing himself of the matter." See, also, Walk. Am. Law, 3d ed., p. 572; *Gatling* v. *Newell*, 7 Ind. 147; Perk. Pr., 223; Ind. Dig., 1.

Indeed, a subsequent paragraph of an answer denying the competency of the plaintiff to sue, would be palpably inconsistent with a prior one admitting such competency. See *Hamar* v. *Dimmick*, at this term (3); and 9 How. Pr. R. 289, 67; 10 *id.* 44; and *Mott* v. *Burnett*, 2 E. D. Smith, 50.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*H. S. Kelley*, for the appellant.

(1) *Post.*
(2) *Post.*
(3) *Post*, 105.