MEIKEL and Others *v.* THE GERMAN SAVINGS FUND SOCIETY OF INDIANAPOLIS.

Persons contracting with an association, by what purports to be a corporate name, are estopped to deny the legal existence of the corporation at the date of the contract.

That the corporation has ceased to exist, or was not a corporation at the commencement of a suit upon the contract, may be answered in abatement, but not in bar of a recovery.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—The appellee, who was the plaintiff, sued *John P. Meikel, Valentine Butsch*, and *Charles Mayer*, upon a promissory note executed by the defendants to said plaintiff, by the name of "*The Trustees of the German Savings Fund Society of Indianapolis.*" The note is in this form:

*Friday, May 31.*

May Term,    "$600.                    *Indianapolis, June 3*, 1854.
1861.       "Twelve months after date, I promise to pay to the order
MEIKEL      of ' *The Trustees of the German Savings Fund Society of*
   v.       *Indianapolis*' six hundred dollars, value received, without
THE GERMAN,
&c. SOCIETY. relief from appraisement laws.
                                        "J. P. MEIKEL."

     Indorsed—"V. BUTSCH, CHARLES MAYER."

     It is averred in the complaint, that *Butsch* and *Mayer*, on
the same day on which the note was executed, and before the
delivery thereof to the plaintiff, indorsed it as above stated;
thereby intending to make, and making, themselves primarily
liable for the full amount of said note and interest.
     The defendant, *Meikel*, answered: 1. By a general denial.
2. That at the time of the execution of the note, or at the
commencement of this suit, there was no legal association
known as "*The German Savings Fund Society of Indian-
apolis*," and no trustees thereof, &c.  And the defendants,
*Butsch* and *Mayer*, answered jointly: 1. That they are not
indebted as charged, &c.  2. That they are sureties on the
note; that on the day it was executed, the plaintiff was not
legally a corporate body under the laws of this State, nor
was there, at said date, any legally authorized trustees, as
alleged, &c.  3. They admit the indorsing of the note, but
aver that they simply indorsed it as accommodation in-
dorsers, and did not thereby intend to be primarily liable
with the maker for its payment.  To the second defense of
*Meikel*, as also to the second defense of *Butsch* and *Mayer*,
demurrers were sustained, and the defendants excepted.
Issues of fact having been made, the cause was submitted
to the Court, who found for the plaintiff, and, over a motion
for a new trial, rendered judgment, &c.
     The errors assigned relate exclusively to the action of the
Court in sustaining the demurrers.  And the inquiry at
once arises, whether the defendants, having executed the
note to the plaintiff in what purports to be a corporate name,
are estopped from denying her existence as a corporation.
This question must be answered affirmatively.  The style of
the plaintiff, with which the defendants in this instance

contracted, plainly indicates an existing corporation, organized under the general statute of this State, authorizing the organization of such corporations. 1 R. S., p. 239. And that being the case, they can not be allowed to deny the plaintiff's corporate existence at the time they executed the note. *Jones* v. *The Cincinnati Type Foundry,* 14 Ind. 89; *Shappel* v. *Hubbard,* at this term; *The Brookville, &c. Turnpike Co.* v. *McCarty,* 8 *id.* 392. There is, however, an allegation in *Meikel's* second defense to the effect, " that at the commencement of this suit" the plaintiff was not a corporation. The matter thus alleged, had it been properly answered in abatement, would no doubt have been effective to abate the suit, but, here, it is set up in bar of a recovery on the note. For such purpose it can not, in our opinion, be pleaded. The demurrers seem to have been well taken, and the judgment must therefore be affirmed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages, and costs.

*R. L. Walpole* and *K. Ferguson,* for the appellants.

*John Coburn,* for the appellee.