SUTHERLAND and Another *v.* THE LAGRO AND MANCHESTER PLANK ROAD COMPANY and Another.

If a corporation had once a legal existence, which is alleged to have been determined, it is necessary that the pleading should show and set forth particularly the manner in which its corporate powers ceased.

If a complaint fail to state facts sufficient to entitle the plaintiff to the relief prayed for, he will not be entitled to an injunction, or temporary restraining order, and the dissolution of either will not. be error.

APPEAL from the *Cass* Circuit Court.

Sutherland and Another *v.* The Lagro and Manchester Plank Road Company.

WORDEN, J.—Complaint by the appellants against the appellees, setting up, in substance, the following facts: That, in January, 1854, the above-named Plank Road Company recovered a judgment against the plaintiff, *Sutherland,* upon a stock subscription, for the sum of seventy-four dollars, upon which *Adams,* the other plaintiff, became replevin bail; that an execution upon the judgment was placed in the hands of *Eldridge,* the sheriff, who was about to levy· upon property, etc.; that, at the time of the rendition of the· judgment the Plank Road Company had an existence, but that, since the rendition thereof, "said Plank Road Com-· pany has ceased to keep up its organization, and now has no existence as a corporation, as said *Sutherland* verily be-· lieves;" that the corporation has never delivered or issued to *Sutherland* the stock for which the subscription was made, and has become incapable of doing so.

Prayer for a restraining order, etc., and that, on the final hearing, the defendants be perpetually enjoined from collecting the judgment.

On the complaint, the inference is that a restraining order or temporary injunction was granted, but that does not appear by the record. A motion was made by the defendant "to dissolve the injunction in this case," which motion was sustained, and the injunction dissolved, and from the order of the Court dissolving the injunction this appeal is taken. No answer or demurrer was filed to the complaint, or other steps taken in the cause.

It is insisted that the order of the Court, dissolving the injunction, was erroneous. We may observe that the ground upon which the injunction was dissolved does not appear in the record, and we are not prepared to say, as is contended by counsel for appellant, that such ground. must so appear. If not, the presumption would be that there was sufficient ground, the contrary not appearing.

But we are of opinion that there was sufficient ground

appearing on the face of the complaint. That, in our opinion, was radically defective, and did not show sufficient facts to entitle the plaintiffs to the relief sought, or to a temporary injunction until the final hearing. It is alleged, to be sure, that the corporation has no existence; that it has ceased to keep up its organization. This last allegation amounts to nothing more than that the corporation has ceased to continue its organized corporate existence. The corporation having once had a legal existence, it was necessary that the pleading should show and set forth particularly the manner in which the corporate powers ceased. *The Brookville, etc., Turnpike Company* v. *McCarty*, 8 Ind. 392. *Heaston* v. *The Cincinnati and Fort Wayne R. R. Co.*, 16 *Id.* 275. This is not done in the pleading before us.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Pratt* and *Baldwin*, and *Horace P. Biddle*, for the appellants.

*E. Walker*, for the appellee.