*J. W. Gordon*, for appellant.

———————•———————

MEIKEL and Others *v.* THE GERMAN SAVING FUND SOCIETY
OF INDIANAPOLIS.

On the 3d of March, 1860, A filed a transcript of a record in the Supreme Court, and procured a *supersedeas;* about a year afterward the court affirmed the judgment, with damages. Some two years later, the judgment remaining uncollected, a transcript of the same record was again

Meikel and Others *v.* The German Saving Fund Society.

filed, and another *supersedeas* obtained. Plea to the assignment of errors, the former judgment of this court.

*Held,* that the proper judgment is a dismissal of the appeal, at the appellants' costs, but that damages, as on the affirmance of a cause, cannot be awarded.

APPEAL from the *Marion* Circuit Court.

GREGORY, J.—Plea to the assignment of errors, the former judgment of this court in the same case; rule for reply, default for want of reply.

The proper judgment in this case is a judgment dismissing the appeal, at the cost of the appellants.

We are asked to award damages, as on affirmance. The statute provides that "if the court affirm the judgment, after an order of stay of execution has been granted, damages may be assessed in favor of the appellee, not exceeding ten per cent. upon the judgment."

The facts, as disclosed by the record, are that the appellants, on the 3d of *March,* 1860, filed a transcript of the record, and procured an order for the stay of execution. On the 31st of *May,* 1861—more than a year thereafter—the judgment was affirmed, with five per cent. damages. 16 Ind., 181. On the 17th of *April,* 1863, nearly two years thereafter, the appellants filed another transcript of the *same record* and procured an order for a *supersedeas,* and the case has remained in this court until now. To a plea setting up the former judgment, the appellants make no reply; but allow a judgment of dismissal by default. It is a hard case on the appellee; but if there is a remedy, it must be sought in some other manner.

It is difficult for us to see how such a proceeding could occur in this court without a liability accruing against some one. The statute provides that "an attorney who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court or judge, or a party to an action or judicial proceeding, is punishable for a misdemeanor, and shall also forfeit to the party injured treble damages, recoverable in a civil action."

It is proper for us to say that the judge who granted the *supersedeas* had no knowledge of the facts, at the time the order was made.

The appeal is dismissed, at the cost of the appellants.

*R. L. Walpole,* for appellants.

*J. Coburn,* for appellee.