*C. Denby,* for appellees.

———————●———————

## WILLIAMS *v.* THE FRANKLIN TOWNSHIP ACADEMICAL ASSOCIATION.

CORPORATIONS.—SUBSCRIPTIONS.—In a suit upon a subscription alleged to have been made to the stock of an existing corporation, organized under the laws of this State, where the name imports such a corporation as is authorized by law, a *prima facie* right to sue is shown without setting out the manner of the organization, or its specific objects.   Page 313.

HIGH SCHOOLS.—ACADEMIES.—The terms "high schools and academies," as used in the act of *February* 28, 1855, "to incorporate high schools," &c., have reference to the organization for the establishment, government and control of a school or seminary of learning, rather than to the mere erection of a building for such a purpose, and an association for the latter purpose, only, is not within the law.   Page 314.

SAME.—Neither is an association for the building, merely, of a school house within the provisions of the act concerning voluntary associations.   1 G. & H., 672.   Page 314.

CORPORATIONS.—ESTOPPEL TO DENY EXISTENCE OF.—The rule that a person contracting with a corporation is estopped to deny the corporate existence is subject to the limitation that if the plaintiff assumes to be a corporation organized in this State, the name must be such as to imply such a corporation as is authorized by some statute of the State.   Page 315.

SAME.—The rule does not apply to a suit upon a subscription of stock made with a view to the organization of a corporation, when other acts are re-

quired by law as a condition precedent to the exercise of corporate powers. In such case, it is for the plaintiff to show that the requisite steps have been taken to complete the corporate organization. Page 316.

APPEAL from the *Wayne* Common Pleas.

ELLIOTT, J.—The appellee, claiming to be a corporation duly organized under the laws of this State, sued *Williams*, the appellant, on an article of subscription. The complaint was several times amended. Demurrers to the second and fifth paragraphs were finally overruled. On these paragraphs issues of fact were formed, and there was a trial by jury. Finding and judgment for the plaintiff.

The second paragraph of the complaint alleges, in substance, that on the 1st of *March*, 1860, the plaintiff, being a corporation duly incorporated in pursuance of the laws of the State of *Indiana*, undertook to build, in or near the town of *Hillsboro*, in *Wayne* county, *Indiana*, a school house, and in consideration of the premises and of the benefits to be derived therefrom, the defendant and others made and delivered to the plaintiff the following subscription, or agreement in writing, to-wit:

"We, the undersigned, agree to pay the amount to our names attached, for the purpose of building a school house in or near *Hillsboro*, *Wayne* county, *Indiana;* said amount to be paid as follows: one-half within three months after the job of building has been let, and the remainder within nine months, or at the completion of the building. All subscriptions to be paid according to the articles of compact.

"WILLIAM WILLIAMS,......20 shares,......$100 00."

The complaint then further avers that by the articles of compact, the capital stock of said association consisted of shares, each share being five dollars, and that the defendant, by signing the subscription, undertook and promised to pay to the capital stock of the association the amount of twenty shares, one hundred dollars. It is further averred that the

plaintiff had built and finished the school house; that after the lapse of three months from the letting of the building, the defendant was required to pay the plaintiff fifty dollars, being one-half of the amount of his subscription, but refused to do so; that on the faith of the subscription of the defendant and others, the plaintiff had erected, finished and furnished the school house, and though more than nine months had elapsed since the making of the subscription, the defendant refused to pay the same, or any part thereof, to the plaintiff's damage, &c.

The fifth paragraph avers that pursuant to the statute in such cases made and provided, on the ˙ —— day of *March*, 1859, the defendant, with divers other persons, for the purpose of building a school house, at or near *Hillsboro*, in said county, associated themselves together as a corporation, and made and entered into a compact and articles of association, together with a written subscription agreement attached, by which the defendant agreed to take twenty shares of the stock of said corporation, and to pay the plaintiff therefor the sum of $100; that confiding in said agreement and subscription, the plaintiff let the building of the school house, and built the same at a cost of $2,000, a large portion of which remained unpaid, whereby the defendant became liable to pay said plaintiff said sum of $100. The articles of association and the agreement of subscription are made part of the paragraph by incorporation. The latter is the same set out in the second paragraph of the complaint. The articles of association, or so much thereof as is material to the question of the sufficiency of the complaint, are as follows:

"1. We, the undersigned, agree to form ourselves into an association for the purpose of building a school house, in or near *Hillsboro*, *Wayne* county, *Indiana*.

"2 The association shall be known as the *Franklin Township Academical Association*.

"3. The stock shall be divided into shares of five dollars each.

"5. The officers of this association shall be a president, secretary and treasurer, whose duties shall be such as are common to persons in those stations, and who shall hold their offices one year.

"7. The secretary shall keep a book of records in which shall be noted all donations made to the company.

"8. Each stockholder shall be liable for the payment of the amount annexed to his name, in the following manner, to-wit: One-half within three months after the commencement of the building, and the remainder within nine months, or at the completion of the building.

"10. This company shall be permanently organized by the election of the proper officers whenever there shall be two hundred shares subscribed."

The subscription paper made a part of the complaint shows that more than two hundred shares had been subscribed to the stock of the association.

It is urged that the second paragraph of the complaint is bad because the articles of association are not made a part of the paragraph. The paragraph is not based on the articles of association but on the agreement of subscription, which that paragraph alleges was made and executed to the plaintiff, a corporation then in existence, and duly organized according to law. The manner of the organization or its specific objects are not disclosed in that paragraph of the complaint, nor was it necessary that they should be. The name of the association imports such a corporation as the laws of the State authorized, and it is averred that it was a corporation duly organized under the laws of the State, and that the defendant contracted with it as such. These allegations, in connection with the article of subscription, which is set out, are sufficient to show a valid cause of action, and at least a *prima facie* right in the plaintiff to sue, and hence the court did right in overruling the demurrer.

Two objections are urged to the fifth paragraph of the complaint. The first is, that the articles of association which

are set out, show that the association is not such an one as could become incorporated under any law of this State. At the date of the alleged organization, we had a statute in force, entitled "An act for the incorporation of high schools, academies, colleges, universities, theological institutions and missionary boards," approved *February* 28, 1855. The first section of that act authorizes the organization of corporations for the establishment of high schools, academies, &c. It does not define what particular features shall be requisite to constitute a high school, or an academy, or what particular branches of learning shall be taught in either; yet the terms "high schools and academies," as used in the act, seem to have reference to the organization for the establishment, government, control and management of a school or seminary of learning, rather than to the mere erection of a building for such a purpose.

A corporation properly organized under the statute for the establishment of a high school, or academy, is authorized to purchase and hold real estate and to erect suitable buildings for its use and convenience, in carrying out the proper objects of its organization; but merely building a school house, or erecting a seminary building, is not establishing a high school or seminary within the meaning of the act.

In discussing the question raised on the demurrer to the second paragraph, we have said that the name given to the association imports such a corporation as the laws of the State authorized; but by making the articles of association a part of the paragraph now under consideration, it is made to appear that the purpose or object of the association was not such as is contemplated by the statute. We are also referred to the "act concerning the organization of voluntary associations," 1 G. & H. 672, as authorizing the formation of this association. This act provides for the formation of voluntary associations for various purposes, and among them to establish and maintain "literary or scientific asso-

ciations," and to "·erect and maintain suitable buildings-for public meetings." But the same objection is presented in its application to this association, as in the act first referred to. The building of a school house is not, of itself, the establishing of a literary or scientific association.

The second objection urged to this paragraph of the complaint is, that it appears by the articles of association and the agreement signed by the defendant below, which are made a part of the paragraph, that the agreement sued on was not a contract of subscription to the stock of an existing corporation, but was made with a view to the organization of a corporate body, and that the plaintiff must therefore show by proper averments at least a substantial compliance with the requirements of the statute necessary to constitute such a body. The law is well settled in this State, by numerous decisions, as a general proposition, that a contract with a party as a corporation, estops the party so contracting to deny the existence of the corporation at the time he contracted with it as such. *Jones* v. *The Cincinnati Type Foundry Company*, 14 Ind. 89; *Hubbard* v. *Chappel, id.* 601; *Heaston* v. *The Cincinnati* and *Fort Wayne Railroad Company*, 16 Ind., 275; *The Brookville, &c., Turnpike Company* v. *McCarty*, 8 Ind., 392; *Meikel et al.* v. *The German Saving Fund Society*, 16 Ind. 181. In the case first cited, it is said that "if the style by which a party is contracted with is such as is usual in creating corporations, viz., naming an ideality, but disclosing the name of no individual, as is usual in the case of simple partnerships, it has been treated as *prima facie*, at least, indicating a corporate existence, and such seems to have been the rule at common law. Grant on Corp., 62." This rule is subject however to the qualification that if the plaintiff assumes to be a corporation · organized in this State, the name must be such as to imply such a corporation as some law of the State authorizes. *Heaston* v. *The Cincinnati, &c., Railroad Company, supra.*

But this rule of estoppel does not apply to a suit brought on a subscription of stock made with a view to the organi-

zation of a corporation, and as preliminary thereto, where other acts are required by the law as a condition precedent to the exercise of corporate powers. *The Brookville, &c., Turnpike Company,* v. *McCarty,* 8 Ind., 392; *Hubbard et al.* v. *Chappel,* 14 Ind. 601; *Wert* v. *The Crawfordsville and Alamo Turnpike Company,* 19 Ind. 242.

The case last cited was a suit on a subscription of stock made for the purpose of organizing a turnpike company, and it was held that the plaintiff was bound to allege that the steps requisite, under the statute, to constitute a valid corporation had been taken, and that the provisions of the statute had been, at least substantially, complied with.

The act to which we have referred, for the incorporation of high schools, academics, &c., requires that the persons desiring to establish a high school or academy shall first make a statement, verified by the oath of at least five of said persons, declaring the name and purpose of the institution, the mode and proposed amount of endowment, and the amount then donated or subscribed, and shall file the same in the office of the clerk of the Circuit Court of the county in which such institution is proposed to be located, and a duplicate thereof with the secretary of state; and when such statement has been filed as aforesaid, the persons subscribing the same and their successors are declared a body politic and corporate. The filing of such statement, however, is a condition precedent to the exercise of any corporate powers. The complaint does not show that any such statement had ever been made or filed.

The act concerning the organization of voluntary associations, to which reference has been made, requires, as a condition precedent to becoming a corporation, that the articles of association shall be filed and recorded in the office of the recorder of the county, and such association is only deemed and held to be a corporation from the time the articles are so recorded. Here, there is no averment that this provision of the statute had been complied with. For the reasons given, the fifth paragraph of the complaint is fatally

defective, and the court erred in overruling the demurrer to it.

Other questions raised by the pleadings subsequent to the complaint have been discussed by counsel, some of which are, in effect, disposed of by the decision on the demurrer to the complaint, and others are rendered unimportant by that decision. A further notice of them is not, therefore, deemed necessary.

The judgment is reversed, with costs, and the cause remanded for further proceedings, not inconsistent with this opinion, and with leave to both parties to amend their pleadings.

*C. H. Burchenal*, for appellant.

*G. C. Holland, J. F. Kibbey* and *N. H. Johnson*, for appellee.