## CAYUGA LAKE RAILROAD COMPANY V. KYLE.

*Corporation — de facto valid to every one except the State.*

Defendant was a subscriber to papers upon which it was intended to organize a railroad corporation, defendant agreeing to take a certain number of shares of stock, upon which he paid a percentage. The papers were duly filed in the office of the secretary of State. Subsequently the company was recognized as a corporation in an act of the legislature. In an action by the railroad company against defendant for the balance unpaid upon his subscription for stock, *held*, that the fact that a failure to comply literally with the provisions of the statute relating to the description of the location of the proposed railroad, would not defeat a recovery.

Corporations *de facto* are to all except the people in the exercise of their sovereign power valid corporations.

APPEAL by defendant from a judgment in favor of plaintiff, entered in an action tried by the court. .

The action was brought by the Cayuaga Lake Railroad Company against George A. Kyle, to recover the amount due upon a subscription for ten shares of stock of the plaintiff. The facts fully appear in the opinion delivered at special term given below, which was adopted at the general term.

*W. E. Hughitt*, for appellant.

*James R. Cox*, for respondent.

RUMSEY, J. The defendant and others were subscribers to the papers upon which it was intended to organize the plaintiff as a corporation ; the defendant subscribing for ten shares of $100 each. The execution of the application was duly acknowledged by the defendant and others, and the same was filed in the office of the secretary of State July 1, 1867, and the organization of the plaintiff, so far as it could be done by that paper, was completed. In the paper thus filed, the object of the organization of the plaintiff, so far as related to the construction of. a railroad, is as follows :

"3. The said railroad is to be constructed from the New York Central railroad to Ithaca. The length of said road to be thirty-seven miles."

The defendant paid on his subscription, so filed, ten per cent. The plaintiff, under such organization, commenced operations. Its directors have held regular meetings, made contracts for and has completed its railroad, and the same is now in full operation. The calls for the balance of the unpaid subscriptions on defendant's ten shares of stock are admitted to have been duly made.

On the 24th of April, 1869, an act of the legislature was passed (chapter 314, Laws of 1869), by which the existence of the corporation thus organized is fully recognized, and certain rights and privileges are given to the plaintiff. Within the decisions the defendant's subscription to the stock having been duly filed in the office of the secretary of State, on the incorporation of the company he became one of the corporators and liable on his subscription to the stock of the company. *Erie & N. Y. R. R. Co.* v. *Owen,* 32 Barb. 616, and the cases there cited ; *Buffalo & N. Y. City R. R. Co.* v. *Dudley,* 14 N. Y. 336.

The defendant, however, insists that the plaintiff's right to recover from him is a right arising under and by virtue of a statute, and that to enable plaintiff to recover, it must show that the statute has in all things been complied with. The general statute relating to the organization of railroads provides, that in the articles of association there shall be stated "the place from and to which the road is to be constructed or maintained and operated, the length of such road as near as may be, and the name of each county in this State through or into which it is made or intended to be made."

It is clear from an examination of the articles of association filed in this case, and which are before recited, that they fall far short of being a literal compliance with the provisions of the statute, and I think it is clear that but for the act of the legislature in 1869 above cited, the plaintiff's organization as a corporation would be dissolved on a proceeding instituted by the people on a *quo warranto.* This is a right incident alone to the people, and if they do not exercise it no one else has the right to do so. The evidence shows the plaintiff exercising all the rights pertaining to a corporation contracting for and constructing a railroad which is now in successful operation, and in every respect a corporation *de facto.* So far as concerns all the rest of the world except the people, this is all that is necessary to authorize the plaintiff to act, contract and do any thing else a corporation may, of right, do. If all the acts and

contracts of a corporation thus operating may, at the option of third persons, be treated as not done by authority and void interminable trouble, and ruinous losses must necessarily result, and nothing but the sternest rule of law would warrant such a rule. It has, therefore, always been held that as to all the world except the people in the exercise of their sovereign power, corporations existing *de facto* are valid corporations, and I can discover nothing in this case to take it out of the general rule.

The case of *Williams* v. *Franklin Ass'n*, cited from 26 Ind. 310, as the same is cited in Abbott's Digest of Laws of Corporations, page 802, seems to hold that this rule does not hold as to a suit brought on a subscription made with a view to the organization of a corporation, but it does not appear from the brief note in which that case is cited, whether or not that subscription was one of the papers filed on the organization and upon which it was based. If the subscription was not so filed, then the law in Indiana is precisely as it is in this State. *Erie & N. Y. City R. R. Co.* v. *Owen*, 32 Barb. 616. I can hardly think the courts of Indiana would hold that the rule would not operate as against one who was an original corporator, and by his own act aided in bringing about the very state of things which now exists in regard to this railroad company.

At any rate the courts of this State have not yet held any such doctrine, but I think have uniformly enforced a contrary one. The case of *Buffalo & Albany R. R. Co.* v. *Cary*, 26 N. Y. 75, holds distinctly that where a corporation exists colorably only, so far as the papers on which it is organized, is value as against persons dealing with it, and that only the State may proceed to dissolve it for such defective organization.

The judgment is for the plaintiff.

*Judgment affirmed.*