## 510      CASES IN THE SUPREME COURT

Nov. Term,
1852.

COVINGTON,
COAL-CREEK,
AND JACKSON-
VILLE PLANK-
ROAD COM-
PANY
v.
MOORE.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiff.

*J. P. Greer*, for the defendant.

---

THE· COVINGTON, COAL-CREEK, AND JACKSONVILLE PLANK-
ROAD COMPANY *v.* MOORE.

To constitute a corporation under the general plank-road law of 1849, there must be—1. Articles of association setting forth the name of the corporation, the route and termini of the road, and the amount and number of shares of capital stock; and 2. An actual subscription of 1,500 dollars of stock per mile to said articles, subscribed with the names and places of residence of those who make the subscription; and 3. A filing of copies of said articles in the office of the recorder of each county into which the road extends.

A valid corporation may exist and a binding subscription of stock be made, under said law, before the appointment of directors; but the subscriptions cannot be collected till directors have been appointed—at least, except as to an amount to be paid at the time of subscribing to defray preliminary expenses, according to the articles or by-laws of the association.

The directors may properly be elected before the articles of association are filed in the recorder's office.

*Semble*, that if the directors were illegally elected, that could not be set up in resistance to the payment of stock-subscriptions, but would be a case for a *quo warranto* to oust the directors.

<span style="float:left">*Saturday,*
*November* 27.</span>

ERROR to the *Fountain* Circuit Court.

PERKINS, J.—Assumpsit by the *Covington, Coal-Creek, and Jacksonville Plank-Road Company* against *Charles L. Moore* on a subscription of stock. The company is one organized under the general plank-road law of 1849. The payment of the subscription of stock is resisted on the ground that the law was not complied with in organizing the company. The question arises on a demurrer to the declaration. The Court below sustained the demurrer. The provisions of said law, so far as they bear upon the case before us, are as follows:

"Section 1. Be it enacted, &c., that any number of persons may form themselves into a corporation for the purpose of constructing and owning a plank-road by complying with the following requirements: They shall unite in articles of association setting forth the name which they assume; the line of the route and the places to and from which it is proposed to construct the road; the amount of capital stock and the number of shares into which it is to be divided. The names and places of residence of the subscribers, and the amount of stock taken by each shall be subscribed to said articles of association. Whenever the stock subscribed amounts to 1,500 dollars per mile of the proposed road, copies of the articles of association shall be filed in the office of the recorder of each county through which the road is to pass.

"Sec. 2. Not less than three nor more than seven directors shall be elected by the stockholders of every such corporation, who shall hold their offices for one year, and until their successors are in like manner elected. Notice of the first election for directors shall be given by two weekly publications in some newspaper printed on or near the route of the road."

"Sec. 21. Associations formed under the provisions of this act shall, from the time their articles are filed with the auditor aforesaid, be corporations," &c. (1).

"Sec. 15. Such company may make, enact, and publish any and all ordinances and by-laws which they may deem proper, not inconsistent with the laws of this state," &c.

Sec. 11. Provides that "it shall be lawful for the directors to require payment" of subscriptions of stock on thirty days' notice in a newspaper printed in, &c.

To constitute a corporation, then, under this act, there must be—

1. Articles of association setting forth the name of the corporation, the route and termini of the road, the amount and number of shares of capital stock; and,

2. An actual subscription of 1,500 dollars of stock per mile to said articles, subscribed with the names and

*Margin:* Nov. Term, 1852.

Covington, Coal-Creek, and Jacksonville Plank-Road Company v. Moore.

Nov. Term, 1852.

COVINGTON, COAL-CREEK, AND JACKSON-VILLE PLANK-ROAD COMPANY v. MOORE.

places of residence of those who make said subscription; and,

3. A filing of copies of said articles, in the office of the recorder of each county into which the road extends.

The declaration in the present case shows with sufficient certainty a compliance with all these requirements, and shows, therefore, the existence of a valid corporation and subscription of stock.

But a valid corporation and binding subscription of stock may exist without there being directors to the corporation; and instalments of stock must be called for by the directors in organizations under the general law. There must, therefore, be directors before subscriptions of stock can be collected. We do not mean to say that the articles or by-laws of the association might not provide for the payment of some amount, to defray preliminary expenses, on making a subscription. But the present suit is for no such sum. The declaration shows, in this case, that directors had been elected and a proper call for the instalment made before suit brought. But it is objected that said directors were elected before the articles of association were filed in the recorder's office, and this is insisted on as an irregularity. It is not denied that the directors were elected after stock to the amount of 1,500 dollars per mile had been subscribed. But when that sum had been obtained, both the filing of the articles and the election of directors might take place. The statute does not expressly declare which of the acts shall precede the other in performance, and we do not see how it can be important which shall do so, or whether they shall be performed concurrently. It is the same men acting for the same interest, and for the accomplishment of the same object in the one case as in the other. We do not see why the stockholders may not be transformed, by the filing of the articles, into a corporation with directors as well as without. And were the directors illegally elected even, it would seem, from the case of the *Newcastle and Andersontown Turnpike Company* v. *Bell*, 8 Blackf. 584, that the fact could not be set up in resistance to payment of

subscriptions of stock, but would be a case for a *quo warranto* to oust the illegally elected directors.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Brier*, for the plaintiffs.

*L. Wallace*, for the defendant.

(1) See General Laws 1849, p. 88.