Nov. Term,
1857.

STOOPS *v.* THE GREENSBURGH AND BROOKVILLE PLANK-
ROAD COMPANY.*

STOOPS
    v.
THE GREENS-
BURGH, &c.
PLANKROAD
COMPANY.

10   47
155   65

If the answer allege payment, and there be no reply, the defendant is entitled to judgment on the pleadings.

The first section of the charter of the *Greensburgh and Brookville Plankroad Company* declares the directors named, a corporation *ab initio.* The requirement touching the organization of the company was merely directory. Hence, a subscription to the capital stock before such organization, was valid.

And the subscriber was estopped to deny the existence of the corporation, in the absence of fraud.

A corporation having become, by virtue of its charter, a legal entity, the failure to perform any act prescribed in the charter would not terminate its existence. That can be done only by a direct proceeding.

APPEAL from the *Franklin* Circuit Court.

HANNA, J.—Action by the appellees as an incorporated company, against the appellant, to recover a subscription to their capital stock. Answer in eight paragraphs. Demurrer to the second, third, seventh and eighth paragraphs, for the reason that said paragraphs do not, nor does either of them, state facts sufficient to constitute a good defense to the action. Demurrer sustained to the second, seventh and eighth, and overruled as to the third.

Tuesday,
January 5,
1858.

The appellant insists that the demurrer was not in proper form; and that it should have been overruled as to all. No exception having been taken to the ruling of the Court, we cannot consider whether the demurrer was well taken or not.

The fourth paragraph of the answer alleged payment of the subscription in full. To this there was no reply. There was a jury trial upon other issues; verdict and judgment for the plaintiff.

The allegation of payment stood admitted. 2 R. S. p. 44, § 74.—*Bird* v. *Lanius,* 7 Ind. R. 615. The defendant was, therefore, entitled to judgment on the pleadings. 2 R. S. p. 121, § 372. For this error, the judgment must be reversed.

---

*The opinion in this case was in the handwriting of Judge GOOKINS.

Nov. Term,
1857.

STOOPS
v.
THE GREENS-
BURGH, &c.
PLANKROAD
COMPANY.
As the cause will be remanded for further proceedings, we will consider a question raised by the appellant, going to the merits of the case. It arose in the Circuit Court upon instructions given and refused. The instructions prayed by the defendant, and refused by the Court, assumed that his subscription to the stock of the company was made before the directors named in the act of incorporation had organized by meeting and electing a president and secretary. That given by the Court, admitting the fact as assumed, informed the jury that if the directors met and organized by electing said officers within a reasonable time after the defendant subscribed, the contract was valid.

This company was incorporated by an act approved *January* 15, 1849, (Local Laws 1849, p. 87,) the first section of which constitutes *Hiram Carmichael* and five other persons a body corporate and politic, by the name, &c., with the usual corporate powers to sue and be sued, &c. The second section styles those named in the first, directors, and requires them to open books for the subscription of stock at such time as they may think best. The fourth section adopts, as a part of the company's charter, several sections of an act passed in 1847, to incorporate the *Greensburgh and Napoleon Turnpike Company.* Local Laws of 1847, p. 125. Among the sections adopted is the third, which requires the directors to meet and organize by electing one of their number president, another clerk and treasurer.

The appellant's position is that until the directors had met and elected officers, the corporation had no legal existence, and no valid subscription could be made for the want of mutuality, and because there was no promisee.

To this position there are several answers—

1. The first section of the charter declares the directors named, a corporation *ab initio.* The requirement concerning the organization of the company was merely directory. *Judah* v. *The American Live Stock Ins. Co.,* 4 Ind. R. 333.

2. The defendant, by his contract, was estopped to deny the existence of the corporation, in the absence of fraud. *John* v. *The Farmers and Mechanics' Bank,* 2 Blackf. 367.

*—Ryan* v. *Vanlandingham,* 7 Ind. R. 416; and authorities cited in *Judah* v. *American Live Stock Ins. Co., supra.*

3. The corporation having become, by virtue of its charter, a legal entity, the failure to perform any act prescribed in the charter would not terminate its existence. That end can be attained only by a direct proceeding. *The Newcastle Turnpike Co.* v. *Bell,* 8 Blackf. 584.— *The Covington, &c., Plankroad Co.* v. *Moore,* 3 Ind. R. 510.— *The Western Plankroad Co.* v. *Stockton,* 7 *id.* 500.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to permit the parties to amend their pleadings.

*J. Ryman, D. D. Jones* and *H. Berry,* for the appellant.
*J. D. Howland* and *G. Holland,* for the appellees.