SMITH and Others *v.* THE BANK OF THE STATE, &c.

Bank directors, if constituted under the forms of law, are at least officers *de facto*, and may transact the ordinary duties of such officers, and the proper mode for their removal is by *quo warranto*.

The branches of the Bank of the State are not required to take out brokers' license; their charter is a license to transact all the business of the bank.

Debtors to the bank can not avoid payment on the ground that less than a quorum of the directors discounted their paper.

The provisions in the charter as to what shall constitute a quorum to do business, are directory, and for the security of the stockholders and bill holders; but the bank may endanger its franchises by disregarding them.

Smith and Others *v.* The Bank of the State, &c.

An answer, denying that the plaintiff is the real party in interest, is bad, unless it be specific as to the facts, and indicates who is the proper party.

APPEAL from the *Dearborn* Common Pleas.

PERKINS, J.—The Bank of the State of *Indiana*, for the *Lawrenceburgh* Branch, sued *Smith*, *Stevenson*, and *Bradley*, on bills of exchange.

The defendants answered:

1. Denying that the Board of Directors of the bank was legally constituted in this; that one of said directors, who was also president of the board, was ineligible to the office.

2. That the bank had not taken out brokers' license.

3. Usury.

4. That the bills were not discounted by a quorum of the directors of the branch bank, pursuant to the requirements of the charter.

The Court sustained demurrers to the 1st, 2d, and 4th defences, and issue of fact was taken upon the third.

There was judgment for the plaintiff on the issue of fact.

The first defence was unavailing. The acting board, having come into office through the forms of law, was composed of officers *de facto*, and, if illegally elected, should have been ousted by *quo warranto*. 8 Blackf. 589; 3 Ind. 510; 5 *id.* 77, 165; 7 *id.* 505; Red. on R. 18. It is doubted in *England* whether such a proceeding lies against the officers of a private corporation; Grant on Corporation, p. 307; but it is settled that it does not in this country, on general principles; Angel and Ames, p. 614, *et seq.;* and it is expressly authorized by statute in *Indiana.* 2 G. & H. p. 323.

The second defence was invalid. The charter is a license to the bank to discount paper, purchase bills of exchange, &c.

The third defence was no bar to the action so far as it went to the principal sum loaned, or paid. *Billingsley* v. *The State*

*Bank*, 3 Ind. 375; *The Evansville, &c., Co.* v. *The City, &c.*, 15 Ind. 395.

The fourth defence was insufficient. Ang. and Ames on Corp. sec. 264. The point is elaborately discussed, and the authorities collected in *Bond* v. *The Central Bank of Georgia*, 2 Kelley's Geo. Rep. p. 92. The provision is held to be directory, and for the security of the stockholders of the bank, and the bill holders. The bank may expose its franchises to hazard by disregarding such provisions, but debtors can not avoid payment of their obligations on that account.

Further: Somebody discounted the bills for the defendants below. They got the money on them, and they owe it to somebody. Now, if any one or more of the directors, as individuals, discounted the bill, did they not become their property; and does not the answer go to the question of the real party plaintiff? But an answer, denying that the plaintiff in the suit is the party in interest, should, to be sufficient, show who is the proper party.

*Per Curiam.*—The judgment below is affirmed, with 3 per cent damages and costs.

*D. S. Major*, for the appellants.

*J. E. McDonald* and *A. L. Roache*, for the appellee.