11 *id.* 105; 15 *id.* 203; *id.* 169; 16 *id.* 307; 7 *id.* 321; Perk. Prac. 236.

(2) The counsel for the appellees urge:

Each State may prescribe conditions upon which foreign corporations may transact business; 13 Pet. U. S. 519; and when the *policy* of a State is made manifest by its legislation, all Courts would be bound to notice it, as a part of its code of laws, and to declare all contracts in the State, repugnant to it, to be illegal and void. *Ibid.*

Every contract made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract, though the statute does not mention that it shall be so, but only inflicts a penalty on the offender, because a penalty implies a prohibition, though there are no prohibitory words in the statute. Per *Holt*, C. J., in *Bartlett v. Viner*, Carth. 251.

An insurance is void, if the interest is illegal, or if a material and inseparable part of the contract or transaction be illegal, or if the insurance itself be expressly prohibited. 7 Man. & G. 457; 7 John. 434; 15 Mass. 35; 1 Story 109, 122; 10 Bing. 107; 1 Pars. on Cont. 482; 5 Ind. 353; 3 Gray 215; 8 Gray 206.

Where there is a condition in a policy against other insurance without consent of the first insurer, and other insurance is effected without such consent, then if such other insurance is valid, the liability of the first insurer ceases, but if it was, for any reason, invalid, so that it was not a binding contract on the company by which it was issued, then there was no subsequent insurance upon the property. 25 Pick. 418; 6 Cush. 342; 2 Watts and S. 514; 37 Maine 137; 35 N. H. 203; 4 Zabriskie 447; 2 Pars. Mar. Law, 100; 2 Am. Lead. Cas. (4 ed.) 555.

BRADLEY *et al. v.* THE BANK OF THE STATE OF INDIANA, &c.

ATTACHMENT—PLEADING AND PRACTICE IN.—Action upon notes, and attachment obtained at the institution of the suit, based upon

Bradley et al. *v.* The Bank of the State of Indiana, &c.

an allegation in the complaint, that the defendant was about to sell his property subject to execution, with the fraudulent intent, &c., and the complaint was verified. The defendant appeared and answered to the attachment both by a general and special denial of the facts averred as the basis thereof, and other issues were formed by pleading· to the complaint generally. No objection was made to the answers to the attachment on the ground that they were not verified. On all the issues thus formed, the cause was tried by the Court, and judgment rendered for the plaintiff, (the Bank,) generally, without any order for the sale of the attached property. The plaintiff then moved the Court for such an order on the ground that judgment had been rendered in the main action without any trial or finding on the attachment, and because no plea or answer to the attachment had been filed and duly verified. Motion overruled. Defendant then appealed from the general judgment to the Supreme Court, and the plaintiff obtained a change of venue in the attachment matter to another Court, and the latter Court, on the defendant's motion, dismissed the same, and from the judgment of dismissal, the plaintiff appealed to this Court.

*Held,* 1. That the attachment in this case was not a separate auxiliary proceeding, but part of the original suit, and the issues based upon it should have been tried, and will be presumed to have been tried, in that suit.

2. That the burden of proof upon such issues rested upon the plaintiff, and he should have offered his evidence, if he had any, upon the trial of the issues in the main action.

3. That the answers to the attachment, if in abatement, should have been verified in accordance with the provisions of section 200, p. 706, R. S. 1843, which is judicially incorporated into the code of 1852, to supply an omission.

4. But, that still there was no error committed below, because the plaintiff's failure to object to them on the ground that they were not verified before going into the trial, was a waiver of such verification, and made the answers sufficient without it.

5. That it was, therefore, error to grant said change of venue, and the Court, to which the same was taken, properly dismissed it.

VOL. XX.—34

The decision in the case of *Smith et al.* v. *The Bank of the State, &c.*, 18 Ind. 327, is adhered to and followed..

PENDENCY OF ACTION IN ANOTHER STATE.—The pendency of a suit in another State is not a bar to, or matter in abatement of, a suit for the same cause in this State.

APPEAL from the *Dearborn* Circuit Court.

PERKINS, J.—In *December*, 1860, the Bank of the State, for the use of the branch at *Lawrenceburg*, sued *Bradley, Smith*, and *Stevenson*, on a bill of exchange. The suit was commenced by attachment. The attachment was executed immediately by the seizure of a large amount of property. This was in vacation. The next term of the Court was in *May*, 1861. At that term, answers were filed to the cause of action, and the attachment, after a motion to dismiss the attachment had been overruled. The paragraphs of the answer to the attachment were as follows:

1. A general denial of the existence of the facts alleged in the affidavit on which the attachment issued.

2. A special denial of the existence of each of the facts alleged in it.

The cause was then continued to the *November* term, 1861.

On the 14th day of that term, being the 19th day of the month, the cause was tried, and the plaintiff recovered judgment for 9928 dollars and 72 cents, and thereupon the plaintiff moved the Court for an order for the sale of the property attached to satisfy this judgment, on the ground, says the bill of exceptions, and for the reason that judgment had been rendered in the main action without any trial or finding on the affidavit or writ of attachment, and also upon the ground and for the reason that no plea or answer, properly sworn to, had been filed to the affidavit and attachment, putting in issue, &c., but the Court refused the order for the sale of the property. The defendants then appealed from the general judgment in the cause, to the Supreme Court, and

the plaintiff prayed for and obtained a change of venue, in the attachment matter, to *Decatur* county, on account of the odium attending the prosecution of it in *Dearborn* county. The defendant's appeal was filed in the Supreme Court on the 21st of *March*, 1862. The appeal bond was in the penalty of 11,000 dollars.

On the 23d day of *April*, 1862, the attachment matter came up in the *Decatur* Circuit Court, and the Court dismissed it, on motion, for reasons specified, beginning with objections to the original affidavit in the attachment, and naming divers intermediate objections down to the time of the motion to dismiss.

From this dismissal the plaintiff appealed to this Court, thereby again bringing together the parts of the same cause which should never have been separated.

On the 26th day of *July*, 1862, the defendants in the Court below, paid on the judgment against them, 10,355 dollars and 65 cents, which the Bank, the plaintiff, received, and which is claimed to have been in full of the principal and interest due on the judgment.

We will first take up the action of the Court below, on the attachment proceedings.

This suit was commenced by attachment. The attachment therefore, in this case, was not a separate auxiliary proceeding, but a part of the original suit; and the questions arising upon it were triable in that suit. *Foster* v. *Dryfus*, 16 Ind. 158; *Fleming* v. *Dorst*, 18 *id.* 493.

The issues on the attachment in the case were properly made up for trial, at the time of the trial of the merits of the cause of action; and hence, we must hold that they were then tried. *Fischli* v. *Fischli*, 1 Blackf. 360. The burden of proof on those issues was on the plaintiff, and, if he had any evidence to sustain them he should have produced it. The answers going to the attachment were not in abatement, and had they been, there was nothing in the statute requiring

Bradley et al. *v.* The Bank of the State of Indiana, &c.

them to be sworn to. It is only before justices of the peace that answers in abatement are required by the code, to be verified by oath. Perhaps, however, other statutes may be in force requiring answers in abatement in the Superior Courts to be verified by oath.

In the Superior Courts oaths to pleadings, when required, do not change the burden of proof, except where the execution of a written instrument is denied. 2 G. & H. p. 101, sec. 65, note.

The Court did right, therefore, in refusing to order the sale of the property attached, and only erred in not rendering judgment, as a part of the general judgment in the cause, against the plaintiff, on the issues in attachment.

The Court erred, as will appear from what we have said, in granting a change of venue as to a part of a cause, especially after the whole cause had been tried, and was to be reviewed, if at all, on appeal, or by suit for review. It follows that the Court did not err in dismissing the proceedings pending in *Decatur* on the change of venue.

We now turn to the answers going to the merits of the cause of action.

The pendency of a suit in another State is not a bar to, or a matter in abatement of a suit for the same cause in this State.

The other questions in the cause are substantially the same as those that were raised and decided in *Smith et al. v. The Bank of the State, &c.*, 18 Ind. 327, and the decision of them in that case was adverse to the appellants.

We adhere to the rulings in that case.

The judgment in this case must, therefore, be affirmed, with costs, but without damages, the money having been paid and received soon after the appeal was perfected.

We turn now to the cross error assigned by the plaintiff. It is this:

"The Court erred in overruling the demurrer of the plaintiff to the 2d, 4th and 5th paragraphs of the defendant's answer."

The record shows that the Court sustained the plaintiff's demurrer to each and all of said paragraphs.

*Per Curiam.*—The judgment is affirmed, with costs, or the plaintiff may dismiss his appeal at his costs, the practical result of either course being the same.[1]

(1) The petition for a rehearing in this case was overruled on *August* 26, 1863, and the following additional opinion given by—

PERKINS, J.—The petition for a rehearing of this case raises the following questions, viz:

1. Where an attachment is obtained against the property of a defendant at the institution of suit against him on the ground that he is about to sell the same, &c., and the defendant appears personally, or by attorney, and for answer to the attachment branch of the suit, denies generally and specially the truth of the statements in the affidavit, is the answer one in abatement or in bar?

2. If in abatement, should it be sworn to?

3. If in abatement and not sworn to, but still not objected to on that ground, before trial, what is the consequence?

We need not decide the first and second questions, because,

1. If the answer is not one in abatement, there was no error in the trial below.

2. If it is in abatement, there was no error in this case, because the answer was not objected to for want of verification; and an answer in abatement, not sworn to, forms a good issue if it is not objected to for that defect before trial.

Prior to 1843, the following section prescribed the practice in *Indiana*, upon pleas in abatement and *non est factum*:

"SEC. 21. No plea in abatement, plea of *non est factum*, non-assignment, nor any other plea, replication or other pleadings,

denying or requiring proof of the execution or assignment of any bond, bill, release, or other instrument of writing, which is the foundation of any suit or defence, and is specially set forth in the declaration, plea or other pleadings, shall be received, unless supported by oath or affirmation. When such plea or other pleading denies or requires proof of any assignment, the oath or affidavit shall be, that the party has reason to believe, and does believe, that the assignment was not made before the suit was commenced." Code of 1838 p. 449. And see all our prior codes, to the same effect.

Under this section, prohibiting the reception of pleas not sworn to, it is judicially settled that if the plaintiff permits the plea or answer to be received and a trial to be had upon it without objection, the trial is regular, and settles everything that could have been settled if the plea had been sworn to. In short, that such a plea or answer, so received, makes a valid issue." *Hagar* v. *Mounts*, 3 Blackf. 57 S. C.; *id.* 261; *McCormick* v. *Maxwell*, 4 *id.* 168.

In the code of 1843, the above quoted section was, for the first time, in our State, divided, and a different rule prescribed for pleas of *non est factum*, while the old rule was left, exactly, as to pleas in abatement, &c. We quote the code:

"Sec. 200, [p. 706]. Pleas to the jurisdiction of the Court, and pleas in abatement, and all dilatory pleas which do not involve the merits of the action, shall not be received by any Court, unless the truth thereof be verified by oath or affirmation."

"Sec. 216, [p. 711]. The plea of *non est factum*, non-assignment, &c., denying the execution, &c, shall not impose the necessity of such proof, &c., unless verified, &c."

This section 216 is brought forward in the code of 1852, and an answer under it has not the effect of putting in issue the execution of a written instrument unless the answer be verified. *Evans* v. *The Southern Turnpike Co.*, 18 Ind. 101.

Bradley et al. *v.* The Bank of the State, &c.

Section 200, above quoted, is not brought forward in the code of 1852; but it is contended that it is an omission which the Court should supply.

This may be so, and we incline to think it is; but when we bring forward the section, we bring with it its judicial con-struction, which, as has been shown, is, that if the answer is received and acted upon on the trial, without verification, the verification is waived by the party for whose benefit it is required, and the issue formed is good; and this accords both in letter and spirit with all our practice under the new code.

The petition must be overruled.

*Oscar B. Hord* and *D. S. Major,* for the appellants.

*Thomas A. Hendricks* and *McDonald & Roache,* for the appellee.