## THE PRESIDENT AND TRUSTEES OF HARTSVILLE UNIVERSITY *v*. HAMILTON.

PLEADING.—*Abatement.—Corporation.*—In a suit on a promissory note executed to a corporation, brought by the payee against the maker, the fact that the corporation has ceased to exist since the execution of the note may be pleaded in abatement, but not in bar. Such answer in abatement must show that the corporation has come to an end by some legal process; the facts upon which the forfeiture of its franchises might be declared cannot be tried in such collateral suit.

FRAUDULENT REPRESENTATIONS.—A false representation upon which fraud may be predicated must be of an existing fact, or a fact alleged to exist at the time, and cannot consist of a promise to be performed in the future or of a false statement as to the legal construction or effect of a written contract executed by the person to whom the representation is made at the time of the making of the representation.

CONTRACT.—*Consideration.—Certificate of Scholarship in University.*—In a suit on a promissory note executed by the defendant to a university for a perpetual scholarship therein, the fact that no certificate of scholarship has been delivered or tendered to the defendant cannot constitute a defense.

APPEAL from the Clinton Common Pleas.

PETTIT, C. J.—Suit by appellant against the appellee on five promissory notes, all of the same date, tenor, and effect, except as to the time of payment, as the following copy:

"$20.              STATE OF INDIANA, CLINTON COUNTY,
                                    JULY 24th, 1854.

"On or before the 12th day of May, 1867, I promise to pay to the President and Trustees of the Hartsville University, at the office of their treasurer in Hartsville, in the county of Bartholomew, and State of Indiana, the sum of twenty dollars, being the first instalment on a perpetual scholarship in said university.          THOMAS M. HAMILTON."

The defendant answered in three paragraphs, as follows:

1st. "That he admits that he executed the notes referred to in plaintiff's complaint, but says that at the time of so doing said university was located at the town of Hartsville, in Bartholomew county, and State of Indiana; that by the terms of the organization of said corporation it was declared to be a university to be located at said place, but that after the execution of said notes, and before the maturity of the same, said university ceased to exist as a corporation; that the trustees of said university declared by resolutions passed at a regular meeting of said board, that they had been unfortunate in the location of said university at said place, and that they would seek another and better location, and for that purpose caused to be circulated subscription papers, for the purpose of soliciting donations to have said school located at Perryville, and also at Dayton, in Tippecanoe county; that for the period of six months and more the said university, by their trustees, were seeking, and by every effort in their power did seek, another and better location; and that afterwards the people of Hartsville, by their donations being greater than the other places, had said university relocated at said place, without any new organization, whatever, or charter; that said university during said time ceased to exist or exercise her corporate functions; and that by the express violation of the terms of her charter, said defendant was released from the payment of said notes."

2nd. "For further answer, defendant says that the consideration of said notes was for a perpetual scholarship in the Hartsville University; that said trustees and president

of said university, or any person in their behalf, has never tendered to said defendant said scholarship, nor has the said university ever been in a condition to make such tender or carry out such contract, as she, by the violation of her charter, ceased to be a corporation, and had no power to issue a perpetual scholarship."

3d. "And for further answer, defendant says that plaintiff falsely and fraudulently represented to defendant, and for the purpose of inducing the defendant to execute said notes, and which plaintiff knew to be false and fraudulent, that the principal of said notes should never be paid, that the express consideration of said notes was a perpetual scholarship in said university, that the interest on said notes should be the only amount that would be called for or ever demanded, and that amount should be and was ample to pay for all the perpetual scholarships that would be issued, and would be sufficient to defray all expenses of said university, and would be ample to endow said university, that if said defendant should not have a scholar or student attend said university, it would never cost him one cent, that also all persons that had made donations or executed their notes for perpetual scholarships had never been called upon for the principal and never would be; that defendant, relying upon said false and fraudulent representations, and believing them to be true, was induced to execute said notes, and did so, and it was entirely on these representations, and no other, that he was induced to enter into said contract. Defendant says that said president and trustees of said university have, for the last sixteen years, only demanded and collected the interest on said notes, and in no instance whatever have they, except in defendant's case, ever required or demanded the principal; that at the time of demanding the interest on said notes they promised they would make out and tender said scholarship, which they have never done, to defendant; and that defendant has never had a scholar in attendance at said university, nor has he ever received any scholarship, nor have they ever offered any to him. Wherefore, by reason of all

the foregoing, he demands judgment for his costs, and other proper relief." '

The court properly sustained a demurrer to the second, and erroneously overruled separate demurrers to the first and third paragraphs of the answer.

To make the first paragraph of the answer good, it must have stated that the coporation had come to an end by some legal process; and its death or forfeiture cannot be tried collaterally in such a suit as this. *John* v. *The Farmers and Mechanics' Bank*, 2 Blackf. 367; *The Brookville, &c., Co.* v. *McCarty*, 8 Ind. 392; *Beaver* v. *The President and Trustees of the Hartsville University*, at this term of this court, *ante*, 245. Had it been well pleaded, it would have been an answer in abatement, and not in bar. *Meikel* v. *The German Savings Fund Society*, 16 Ind. 181.

The third paragraph is equally bad. False representations upon which fraud can be predicated must be of existing facts, or facts alleged to exist at the time, and not of promises to be performed in the future, or the legal construction or effect of a written instrument. *Fouty* v. *Fouty*, at this term of this court, *ante*, p. 433; *Beaver* v. *The President, &c.,* *supra*. Verbal evidence can not be given to change or alter a written contract. See the above authorities, and also, *Mahan* v. *Sherman*, 7 Blackf. 378; *Parker* v. *Morton*, 29 Ind. 89; *Campbell* v. *Robbins*, 29 Ind. 271. All men must know the law of the place in which they are, and under which they contract. *Platt* v. *Scott*, 6 Blackf. 389.

The allegation that the certificate of scholarship had never been issued can be of no avail to give validity to this paragraph. It was unnecessary and unimportant that it should issue. It would have given the defendant no rights that he had not without. *Beaver* v. *The President, &c., supra*; *The N. A. & S. R. R. Co.* v. *McCormick*, 10 Ind. 499; *C. U. & F. W. R. R. Co.* v. *Pearce*, 28 Ind. 502.

The judgment is reversed, at the costs of the appellee; and the cause is remanded, with instructions to the court

below to sustain the demurrers to the first and second para-graphs of the answer, and for further proceedings.

*H. Y. Morrison* and *T. H. Palmer*, for appellant.

*J. Claybaugh*, for appellee.