Logan v. The Vernon, Greensburg and Rushville Railroad Company et al.

---

No. 9,718.

LOGAN v. THE VERNON, GREENSBURG AND RUSHVILLE RAILROAD COMPANY ET AL.

RAILROAD.—*Appropriation of Lands.*—*Trespass.*—*Answer.*—*Mortgage.*—*Foreclosure and Sale.*—*License.*—To a complaint for trespass upon real estate, an answer is good which alleges that on the 6th of June, 1872, a certain railroad, duly incorporated, appropriated the land in controversy, and paid the amount assessed to the heirs who owned the land, one of which was the plaintiff, which payment was accepted and money retained; that on the 2d day of October, 1871, the said railroad executed a mortgage, to secure its certain bonds, on its entire main line and branches, "made or to be made, * * and all lands * * acquired or appropriated, or which may hereafter be acquired or appropriated by said company, for the purposes of rights of way or for any other purpose"; that said mortgage was foreclosed and the property sold to A., to whom a deed was executed; that the defendant, another railroad organized under the laws of Indiana, by its contractor, also a defendant, by leave, license and direction of such owner under said sale, entered upon the said land for the purpose of constructing a railroad.

Logan *v.* The Vernon, Greensburg and Rushville Railroad Company *et al.*

SAME.—*Abandonment and Forfeiture.*—*Pleading.*—*Collateral Attack.*—A pleading which seeks to set up an abandonment and forfeiture of the road for failure to perform the acts mentioned in section 3980, R. S. 1881, but which does not allege that the forfeiture had been judicially declared in a suit for that purpose at the instance of the State, by information on the relation of the prosecuting attorney, as contemplated by sections 1131, 1132, is bad. A cause of forfeiture, not judicially declared in a direct proceeding, can not be taken advantage of collaterally.

From the Decatur Circuit Court.

*W. H. Matthews* and *J. Q. Donnell,* for appellant.
*C. Ewing* and *J. K. Ewing,* for appellees.

HAMMOND, J.—Action by the appellant against the appellees for trespass upon real estate.

The appellees answered the complaint to the effect that on June 6th, 1872, the Cincinnati and Terre Haute Railroad Company, a corporation duly organized under the laws of this State, filed in the office of the clerk of the Decatur Circuit Court an instrument of appropriation, by which it appropriated, for the purpose of constructing its railroad, a strip of ground 100 feet wide, being the real estate described in the appellant's complaint as that upon which the alleged trespass was committed; that upon notice to the owners of said real estate, among whom were the appellant and his wife, as heirs of Edward Simmonds, deceased, and upon application to the judge of the Decatur Court of Common Pleas, appraisers were appointed, who were properly notified and sworn, and assessed to the heirs of said Edward Simmonds, for the land so appropriated, the sum of $565, which sum was paid to the clerk of the Decatur Circuit Court, and received and receipted for by said heirs, including the appellant, and is still held and retained by them; that on the 2d of October, 1871, said Cincinnati and Terre Haute Railroad Company executed a mortgage to the New York State Loan and Trust Company, as trustee, to secure its bonds then issued " on all and singular the entire main line and branches of the Cincinnati and Terre Haute Railroad Company, made

or to be made in the State of Indiana, together with all the branches thereof, to be made or already made, and also all lands, tenements and hereditaments acquired or appropriated, or which may hereafter be acquired or appropriated by said company, for the purposes of rights of way, or for any other purpose, and all the easements and appurtenances thereon or thereto appertaining;" that this mortgage was duly foreclosed in the circuit court of the United States for the District of Indiana, and the mortgaged property duly sold under said foreclosure to William B. Tuell, to whom a proper deed, under such sale, was executed on May 29th, 1878. The appellees further aver, in their answer, that the appellee, the Vernon, Greensburg and Rushville Railroad Company, a corporation duly organized under the laws of the State, for the purpose of constructing a railroad from North Vernon to Rushville, Indiana, did, by its contractor, the said appellee Horace Scott, enter upon said strip of ground to construct its road, under the leave, license and direction of said William B. Tuell, and that this is the alleged trespass complained of.

The appellant demurred to the answer. His demurrer was overruled, and he excepted. In reply the appellant admitted the appropriation of the strip of ground in controversy by the Cincinnati and Terre Haute Railroad Company, and the execution of the mortgage by said railroad company, as alleged in the appellees' answer, but averred that said railroad company wholly failed to build and construct said railroad in and over the real estate in controversy; that said railroad company a long time prior to the grievances complained of, to wit, five years before that time, wholly abandoned the building and construction of said railroad in and over the real estate of the appellant, described in his complaint; and that said railroad company, for six years last past prior to the date of the trespass complained of, wholly failed to keep up the directory of its company, and wholly failed during said time to elect directors thereof; that said railroad company, at least

six years prior to the bringing of this action, wholly dissolved and abandoned its corporate franchises, and failed to expend the sum of $50,000 upon the line of its road within this State, within any period of two years from the first day of January, 1875, up to the first day of January, 1880, and wholly failed during said time to expend any sum whatever in building and constructing its railroad.

The appellant further alleges, in his reply, that, after the failure of said Cincinnati and Terre Haute Railroad Company to so keep up its board of directory and to expend the sum of $50,000 upon the line of its railroad, within any period of two years, within this State, neither the mortgagee mentioned in the appellees' answer, nor any other person for said mortgagee, has performed said acts not performed as aforesaid by said railroad company.

The appellees' demurrer was sustained to the reply, and to this ruling the appellant excepted.

The appellant's assignment of errors calls in question the correctness of the court's rulings in overruling his demurrer to the appellees' answer, and sustaining the appellees' demurrer to his reply.

We think the answer was good. It shows a legal appropriation of the strip of ground on which the trespass complained of is alleged to have been committed, as a right of way for the Cincinnati and Terre Haute Railroad Company. Sections 3906–7, R. S. 1881. It shows that the railroad company, to secure its bonds, executed a mortgage on its property, including the strip of ground in controversy. This it had a legal right to do. Section 3911, R. S. 1881. It also shows a proper foreclosure of the mortgage and the sale of the property thereunder to William B. Tuell, who thereby succeeded to all the rights and ownership of said strip of ground that were possessed by said Cincinnati and Terre Haute Railroad Company at the time of the execution of the mortgage, and that the acts constituting the trespass complained of were

done by the leave, license and direction of said William B. Tuell, by the railroad appellee in constructing its line of railroad. The facts stated in the answer, if true as admitted by the demurrer, established a complete defence to the trespass charged in the appellant's complaint. The demurrer to the answer was correctly overruled.

The appellant, in his reply, attempted to state facts showing, that under section 3980, R. S. 1881, the Cincinnati and Terre Haute Railroad Company, by reason of its failure to perform certain acts, had forfeited all its rights, privileges and franchises. Whether the facts stated would, in a proper proceeding, be sufficient to authorize a judicial decree declaring a forfeiture of such rights, etc., is a question not necessary to decide. But the mode of proceeding to have such forfeiture declared is provided by statute. It is by information, on the relation of the prosecuting attorney, in the circuit court of the proper county. Sections 1131-2, R. S. 1881. The appellant's reply was bad, for failing to aver that the forfeiture of the rights, privileges and franchises of the Cincinnati and Terre Haute Railroad Company had been judicially declared in a suit for that purpose, at the instance of the State. *John v. F. & M. Bank,* 2 Blackf. 367 (20 Am. Dec. 119); *Covington, etc., Plank Road Co.* v. *Moore,* 3 Ind. 510; *State* v. *Trustees, etc.,* 5 Ind. 77; *Brookville, etc., Turnpike Co.* v. *McCarty,* 8 Ind. 392; *Stoops* v. *Greensburgh, etc., Plank Road Co.,* 10 Ind. 47; *Fort Wayne, etc., Turnpike Co.* v. *Deam,* 10 Ind. 563; *President, etc.,* v. *Hamilton,* 34 Ind. 506; *White* v. *State,* 69 Ind. 273.

A text-book on railroads says: " The non-user or misuser of its franchises by a corporation, or its breach of the conditions on which its duration is, by the law of its creation, made to depend, is a cause of forfeiture. Such defaults, however, do not of themselves work a forfeiture, but they take effect only when judicially determined in a direct proceeding instituted for that purpose. * * * A cause of forfeiture which has not been judicially declared in a direct proceeding can

not be taken advantage of collaterally. The State alone having the right to insist on a forfeiture can waive it, directly or by implication." Pierce Railroads, pp. 11 and 12.

The reply was not sufficient, and the demurrer thereto was properly sustained.

Judgment affirmed, at appellant's costs.