Barren Creek Ditching Company *et al. v.* Beck *et ux.*

No. 11,558.

BARREN CREEK DITCHING COMPANY ET AL. *v.* BECK ET UX.

DRAINAGE.—*Repeal of Statute.*—The act concerning drainage, of March 10th, 1873, has not been repealed by the act of March 13th, 1879, as to corporations organized prior to the latter date.

CORPORATIONS.—*Dissolution.*—Until a corporation once organized has been adjudged dissolved, in a direct proceeding for that purpose, instituted by the State, its existence can not be questioned by a private person.

HUSBAND AND WIFE. —*Tenants by Entireties.*—*Judgment.*—*Foreclosure of Lien.*—A judgment foreclosing a lien against lands held by husband and wife as tenants by entireties, is not necessarily void; it would be valid if both were parties thereto.

From the Grant Circuit Court.

*J. L. Custer*, for appellants.

*A. Steele, R. T. St. John* and *G. W. Harvey*, for appellees.

HAMMOND, J.—Suit by the appellees against the appellants to enjoin the collection of a judgment. The complaint was in two paragraphs, to each of which appellants demurred for want of facts. The demurrer was sustained to the first and overruled to the second paragraph. There was an answer in denial, trial by jury, verdict for appellees, and judgment thereon over the appellants' motion for a new trial. Exceptions were taken to the overruling of the demurrer to the second paragraph of the complaint, and the overruling of the motion for a new trial, and these rulings are assigned for error.

The facts stated in the second paragraph of the complaint were, substantially, as follows : That appellees were the owners of certain described lands which had been conveyed to them as husband and wife ; that after such conveyance the Barren Creek Ditching Company, a corporation organized under the the drainage law of 1873, procured, in 1875, benefits to be assessed on said lands for the construction of a ditch, which was completed before January 1st, 1878; that at the February term of the trial court, in the year 1879, said company recovered judgment on such assessment against the appellant Christian Beck in the sum of $406, and the foreclosure of

the lien thereof against said lands, but that no judgment was rendered against the appellant Christina Beck; that no steps were taken to collect said judgment until September 21st, 1882, when an execution was caused to be issued thereon and placed in the hands of the appellant, the sheriff of Grant county, who levied it upon said lands, and was proceeding to have the same sold at sheriff's sale, etc.; that more than three years before the issue of the execution said company was dissolved by the repeal of the drainage law of 1873 by that of 1879; that said company, on January 1st, 1878, failed to meet or to transact any business, and abandoned its organization, and never thereafter transacted any business as a ditching company; and that no receiver was ever appointed to wind up its business. "Wherefore plaintiffs say that said pretended corporation has no corporate existence, nor any authority to enforce the judgment or collection of said judgment, or any part thereof, and that said execution and decree were issued by the clerk without authority or right."

The theory of the complaint is (1) that the ditching company was dissolved by the repeal of the act of the Legislature under which it was organized, and (2) that its rights, privileges and franchises were forfeited by non-user for more than three years prior to the issue of the execution.

The act under which the appellant, the Barren Creek Ditching Company, was organized, was approved March 10th, 1873. Acts 1873, p. 165; 1 R. S. 1876, p. 418. The next drainage law passed by the Legislature was the act approved March 9th, 1875. Acts 1875, p. 97; 1 R. S. 1876, p. 428. By the 22d section of the last named act it was expressly provided that it should "not be so construed as to repeal any law of this State now in force to encourage the construction of levees, dikes and drains, and to enable the owners of wet lands to drain and redrain the same, but such" (provisions of this act) "shall be in addition thereto."

The twenty-first section of the drainage law, approved March 13th, 1879 (Acts 1879, p. 234), relied upon by the

appellees as repealing the act of 1873, while expressly re-pealing the same, contains this *proviso:* "That in all cases where application has been made or any proceedings had under existing laws of the State, the same shall not be affected by the provisions of this act, but the same may be carried on to completion, and all assesments collected, unaffected by the provisions of this act."

The above saving clause was, we think, amply sufficient to protect the rights of the ditching company in the decree foreclosing the lien of the assessments upon appellees' lands.

The eleventh section of the drainage law, of April 8th, 1881, and the thirty-fifth section of the drainage law, of April 21st, 1881, contains, respectively, a saving clause as to pending proceedings under prior laws. Acts 1881, pp. 404, 422. In addition to all this, section 248, R. S. 1881, which has been in force since July 2d, 1877, provides that "the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

It is plain, we think, that the right of the appellant, the Barren Creek Ditching Company, to enforce the collection of the judgment in question is not affected by any act of the Legislature.

Whether the facts alleged in the second paragraph of the complaint are sufficient to authorize, in a direct proceeding, a decree of court declaring a forfeiture of the rights and franchises of the ditching company, on account of non-user, need not be decided. No such decree is averred to have ever been rendered. The non-user or mis-user of the franchises of a corporation does not of itself work a forfeiture. The forfeiture takes effect only when judicially determined in a direct proceeding, instituted for that purpose. A cause of forfeiture which has not been judicially declared in a direct

proceeding can not be taken advantage of collaterally. The State alone has the right to insist upon a forfeiture, and it may waive this right. *John* v. *F. & M. Bank,* 2 Blackf. 367 (20 Am. Dec. 119) ; *Covington, etc., Plank Road Co.* v. *Moore,* 3 Ind. 510; *State* v. *Trustees, etc.,* 5 Ind. 77 ; *Brookville, etc., Turnpike Co.* v. *McCarty,* 8 Ind. 392 ; *Stoops* v. *Greensburgh, etc., Plank Road Co.,* 10 Ind. 47; *President, etc.,* v. *Hamilton,* 34 Ind. 506 ; *White* v. *State,* 69 Ind. 273 ; *Board, etc.,* v. *Hall,* 70 Ind. 469 ; *State* v. *Woodward,* 89 Ind. 110 ; *Logan* v. *Vernon, etc., R. R. Co.,* 90 Ind. 552. See, also, Pierce R. R., pp. 11 and 12; Field Private Corp., sections 493, 494.

The appellees' real estate, being owned by them as tenants by entireties, was not subject to the lien of a judgment or decree of foreclosure in an action in which the husband alone was a party. *Chandler* v. *Cheney,* 37 Ind. 391 ; *McConnell* v. *Martin,* 52 Ind. 434. The complaint alleges that a judgment was taken against the husband, but not against the wife. A personal judgment against the wife, or against the husband, was not necessary, and, in fact, was not authorized in actions to collect assessments under the drainage law of 1873. Section 24, 1 R. S. 1876, p. 425. If the wife was a party with her husband in the foreclosure proceedings, the judgment *in rem* would bind her, unless by the finding or judgment she was expressly or by necessary implication exempted from the operation of the decree. The complaint avers that there was a foreclosure of the lien of the assessments upon the appellees' lands. As there is no averment that the wife was not a party to the action, the second paragraph of the complaint makes no case for relief by injunction against the enforcement of the decree on account of appellees holding the lands as tenants by entireties. The complaint, in effect, charges that there was a personal judgment against the husband, but no such judgment against the wife. This might all be true, and yet the decree of foreclosure would be valid if she was a party to the action, which is not denied.

The demurrer to the second paragraph of the complaint should have been sustained.

Appellees have assigned cross error in sustaining the demurrer to the first paragraph of the complaint. The first paragraph was not materially different from the second. The demurrer to it was correctly sustained.

Reversed, at appellees' costs, with instruction to sustain the demurrer to the second paragraph of the complaint.

