Ward L. DUNCAN and Philly Mobile Home Court, Inc., Intervenors-Appellants,

Henry County Savings & Loan Assn., Defendant-Appellant,

v.

Richard E. JONES, Plaintiff-Appellee.

No. 1–882A205.

Court of Appeals of Indiana, First District.

June 28, 1983.

R. Scott Hayes, New Castle, for Henry County Sav. & Loan Assn.

Frank E. Spencer, Richard M. Orr, Indianapolis, for Ward L. Duncan and Philly Mobile Home Court, Inc.

Michael J. Tosick, Free, Brand, Tosick & Allen, Greenfield, for plaintiff-appellee.

NEAL, Judge.

### STATEMENT OF THE CASE

Defendant-appellant Henry County Savings & Loan Assn. (S & L) appeals a summary judgment of the Hancock Circuit Court awarding one-half of a corporate bank account to plaintiff-appellee, Richard E. Jones (Jones). Intervenors Ward L. Duncan (Duncan) and Philly Mobile Home Court, Inc. (PMHC) appeal the decision of the trial court denying their petition to intervene.

We reverse.

### STATEMENT OF THE FACTS

Jones brought this action against S & L claiming one-half interest in a bank account in the amount of $27,294.71. The account was in the name of PMHC, an Indiana Corporation in which he and Duncan each owned 50% of the stock. S & L filed a 12(B)(7) motion to dismiss for failure to join necessary parties, namely Duncan and PMHC. S & L alleged that there was a dispute and competing claims between Jones and Duncan which exposed S & L to the possibility of multiple claims, and that it was necessary for the court to make a determination of the ownership of the funds.

At the hearing on Jones's motion for summary judgment, it was shown that PMHC was incorporated on June 3, 1975, and on June 30, 1978, the rights and privileges of PMHC were revoked and the articles of incorporation were declared forfeited by the Secretary of State for failure to file annual reports. There was no showing that there had been any court action initiated by the Attorney General to wind up the corporate affairs or that there had been any distribution of corporate assets to stockholders. The funds comprising the bank account were derived from a contract sale

of. real estate. There is no showing in whose name the real estate stood. The contract states that the sellers are Duncan, Jones and PMHC as tenants in common, and it was executed by Jones and Duncan individually, and as president and as secretary of PMHC, respectively. The real estate contract and the bank account are the only assets of PMHC, and the real estate is subject to a mortgage. A balance remains unpaid on the contract. Duncan caused the bank account to be opened without the authorization of a corporate resolution of the corporate directors, and caused it to be subject only to his withdrawal. Duncan and Jones were involved in other ventures together, but had fallen out.

The trial court, on March 17, 1982, granted Jones's motion for summary judgment on special findings of fact and conclusions of law. The court proceeded upon the premise that PMHC had been involuntarily dissolved and all the corporate property had become the property of Jones and Duncan, each owning one-half as tenants in common. The court further emphasized that the attempt by Duncan to restrict access to the savings account was unauthorized and of no effect, and that S & L is not bound by his acts. The court found that Duncan was not an indispensable party because Jones was claiming only his one-half. The court concluded by granting judgment to Jones for one-half the bank account and one-half of all other proceeds from the contract as it was paid to S & L.

On March 23, 1982, Duncan and PMHC filed a petition to intervene, claiming an interest in the bank account. They alleged "That as a practical matter, the action of the court will impair and impede the applicants' ability to protect their interest in the property and funds ordered transferred."

The petition was denied on April 2, 1982, after a hearing in which there was evidence that the corporation may have debts.

## ISSUES

S & L appeals principally upon the basis that the court erred in refusing to join PMHC and Duncan as indispensable parties. Duncan and PMHC appealed on the principal ground that they had an interest in the case and the court erred in denying their petition to intervene. Since we reverse, we will address only those issues.

## DISCUSSION AND DECISION

S & L's 12(B)(7) motion is addressed to Ind.Rules of Procedure, Trial Rule 19, which in relevant part provides:

"JOINDER OF PERSON NEEDED FOR JUST ADJUDICATION

(A) Persons to be joined if feasible. A person who is subject to service of process shall be joined as a party in the action if:

(1) in his absence complete relief cannot be accorded among those already parties; or

(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:

(a) as a practical matter impair or impede his ability to protect that interest, or

(b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant."

■ It is elementary that a stockholder has no claim to the assets of the corporation until all of the debts and obligations have been paid and the officers have been directed to make distribution of assets to the shareholders. *Department of Treasury of Indiana v. Crowder,* (1938) 214 Ind. 252, 15 N.E.2d 89; *Cambell v. Grant Trust & Savings Company,* (1932) 97 Ind.App. 169, 182 N.E. 267. Jones's theory at trial which was accepted by the court was that the action of the Secretary of State alone forfeited the corporate existence and rendered the bank account and the contract divisible as tenants in common.

■ Ind.Code 23–1–10–1 (1976 ed.), in effect in 1978, which has not substantially changed in subsequent amendments, provides in relevant part as follows:

"(a) Any corporation that shall neglect, fail or refuse to do any act required by this act to be done by it shall be deemed to be guilty of a misdemeanor and upon conviction thereof may be fined in any amount not exceeding one thousand dollars ($1,000).

(b) Any corporation which has (1) procured its corporate franchise through fraud practiced upon the state, or (2) failed, neglected or refused to file its annual reports, as required by this act, for two (2) consecutive years, shall thereby forfeit its corporate franchise and its rights and privileges as a corporation; and the attorney-general shall proceed by information against such corporation, in accordance with the laws of this state pertaining to civil procedure, for the purpose of having such forfeiture declared. No corporate franchise shall be forfeited unless the secretary of state shall have given the corporation not less than sixty (60) days notice thereof by registered or certified mail addressed to the principal office of the corporation.

When it appears from the records of the office of the secretary of state that any corporation required by this act to file annual reports has failed to file such reports for two (2) consecutive years, the secretary of state shall certify that fact to the attorney-general."

Ind.Code 23–1–7–3 provides that a corporation may be involuntarily dissolved by judgment of a circuit or superior court of the county in which the principal office is located, (here, Fortville in Hancock County) for, *inter alia*, "[t]he corporation has done or omitted to do any act which amounts to a surrender or forfeiture of its corporate franchise[.]" The dissolution action shall be filed in the name of the state by the Attorney General when requested to do so by the Secretary of State. The court has power to cause the affairs of the corporation to be wound up, its assets liquidated as with voluntary dissolution under Ind.Code 23–1–7–1(b)(3). When liquidation is completed, the court shall enter an order decreeing the corporation dissolved. Pursuant to Ind. Code 23–1–7–3(d), the clerk is directed to cause a certified copy of the decree "to be filed in the office of the Secretary of State and thereupon the *corporate existence of such corporation shall cease.*" (Our emphasis.) This section contains a saving clause (g) which preserves the right of the Secretary of State to revoke the rights of the corporation and to declare forfeit the articles of incorporation for failure to file annual reports. However, it is to be observed that even under that power, court action is required under Ind.Code 23–1–10–1,[1] and by Ind.Code 23–1–7–3. A corporate charter can be effectually terminated only by an adjudication of a competent tribunal upon a suit by the state. The procedure under the statutes must be followed in a direct attack and the corporate existence may not be collaterally challenged. *Knotts v. Clark Construction Company,* (1921) 191 Ind. 354, 131 N.E. 921; *Barren Creek Ditching Company v. Beck,* (1884) 99 Ind. 247; *Logan v. Vernon, etc. Railroad Company,* (1883) 90 Ind. 552; *The President, etc. v. Hamilton,* (1870) 34 Ind. 506; 19 C.J.S. *Corporations* § 1695.

■ There is no contention or any indication in the record that Ind.Code 23–1–10–1 or Ind.Code 23–1–7–3 were complied with. We are of the opinion that those statutes evince a statutory scheme which requires court action initiated by the Attorney General and culminating in a formal winding up of the corporate affairs, payment of debts, and distribution of property. The cases so indicate. What occurred here is an *ex parte* collateral attempt to distribute corporation property without permitting the corporation, creditors, other stockholders, or other interested parties to participate. The state of the record clearly presents an issuable matter between Jones, Duncan, and PMHC. Duncan and PMHC are vitally interested in the bank account

---

1. Authority exists under prior statutes similar to Ind.Code 23–1–10–1 as well.

and the balance of its contract. On those issues they are entitled to be heard. Whether or not the corporation has been properly dissolved, its affairs settled, the existence of debts or distribution, all depend on the adjudication which can only be had in which PMHC and Duncan are parties.

This cause is ordered reversed and the trial court is ordered to vacate the judgment and grant a new trial. The trial court is further ordered to grant S & L's T.R. 12(B)(7) motions, and to grant Duncan and PMHC's petition to intervene.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.