(May 26, 1899.)

## CLOW v. REDMAN.

[57 Pac. 437.]

CORPORATION—DISSOLUTION—COPARTNERSHIP.—In an action by a stockholder for the dissolution of a corporation and a distribution of its assets, the court, having found the existence of the corporation as such, the amount of the capital stock, and the amount of the same held by each stockholder, proceeded to distribute a part of the assets in specie among certain of the stockholders, without any finding as to the value of the same, and then decrees a sale of the balance of the property and a distribution of the proceeds of the sale upon the basis of a copartnership. *Held*, error, as not being in conformity with the provisions of section 4330 of the Revised Statutes.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

T. L. Glenn and Allen Miller, for Appellant.

Before the formation of the corporation, the title to the herd of sheep, the other personal property and the lease of the ranch for a term of five years, was in Redman, Beckman and Clow according to the finding of fact. The agreement by them was to transfer the title to the corporation. Clow performed his part of the agreement, and the others intended to do the same. The corporation took possession of the property. This of itself places the title in the corporation. (*Table Mt. Tunnel Co. v. Stranathan,* 20 Cal. 199; *Blodget v. Mining Co.,* 35 Cal. 227; *Town Hall Assn. v. Chester,* 55 Cal. 99.) Section 4330 of the Revised Statutes of Idaho: On application of any creditor of the corporation, or of any member or stockholder thereof, the court may appoint one or more persons to be receivers or trustees of the corporation, to take charge of the estate and effects thereof and to collect the debts and property due and belonging to the corporation, and to pay the outstanding debts thereof, and to divide the moneys and other property that shall remain over among the stockholders or members. The above section of our statute is similar in import and provision to those of our sister states on the same subject, and, so far as we know, no court

has departed from it. (*Mamma v. Potomac Co.*, 8 Pet. 286; *Homer v. Carter*, 3 McCrary 595, 11 Fed. 362; *Bacon v. Robertson*, 18 How. (U. S.) 418; *Heath v. Baremore*, 50 N. Y. 305; *James v. Woodruff*, 10 Paige, 541; *Burrell v. Bushwick R. R. Co.*, 75 N. Y. 211.) Nor can the stockholder be compelled to take an estimated value of his shares, nor to accept property for them, but has a right to have the value ascertained by actual sale. · (Lindley on Partnership, Ewell's ed., 1098, 1099.) Nor does any equity arise out of the fact that Clow agreed, in the bill of sale, to serve the company until its determination by lapse of time and quit before that time expired, for he quit with the consent and approval of the corporation; in other words, the contract was mutually rescinded. (2 Parsons on Contracts, 6th ed., marginal p. 40; Addison on Contracts, Morgan's ed., sec. 897.) His services to the company was not a condition precedent to his right to the stock. (*Chater v. San Francisco Sugar Co.*, 19 Cal. 220.).

John A. Bagley, for Respondent.

The allegations of the complaint do not show a state of affairs to exist that will entitle plaintiff to maintain this action as a stockholder, even if she were one. (Clark on Corporations, sec. 393, 4, 5, and cases cited; *Hawes v. City of Oakland*, 104 U. S. 450; *Dunphy v. Association*, 146 Mass. 495, 16 N. E. 426; *Cogswell v. Bull*, 39 Cal. 320; *Detroit v. Dean*, 106 U. S. 560, 1 Sup. Ct. Rep. 560; *Doud v. Wisconsin etc. Ry. Co.*, 65 Wis. 108, 56 Am. Rep. 620, 25 N. W. 533.) The sentiment thought to be engendered by the allegation that they, the defendants, had appropriated this money to their own use and removed it from the state is checkmated by the allegations of the complaint, showing that the ranch, hay, horses, wagons, sleighs, harness and all property but the sheep and wool were left in the plaintiff's possession until this action was commenced. This property represented much more than all she claims to be entitled to in this case; there was more than her husband contributed and had expended more than one-third of all the property belonging to or ever contributed to the business. The plaintiff cannot maintain this action. (*Whitehouse v. Sprague* (Me.),

7 Atl. 17; *Abbott v. Merriam,* 8 Cush. 558, 590; *Smith v. Hurd,* 12 Met. 371, 46 Am. Dec. 690.)

HUSTON, C. J.—This is an action by a stockholder to dissolve the corporation, wind up its business, pay its debts, and distribute the remaining fund, if any there be, among the stockholders, in proportion to the shares of stock owned by each stockholder. The appeal is from a portion of the judgment, and the record contains only the judgment-roll. The court finds (seventh finding of fact) "that on the twenty-fourth day of March, 1897, James Redman, Alexander Beckman, Annie Redman, Louisa Beckman, Richard Clow, and the plaintiff organized a corporation under the name of the C. B. R. Sheep Company, with a capital stock of $6,000, divided into shares of one dollar each, and the parties respectively subscribed for, in the articles of incorporation, one thousand shares of the capital stock, the same being the whole thereof; it being the agreement between the respective parties that the herd of sheep and the other articles of personal property mentioned in these findings of fact should constitute the capital stock of the corporation." It appears from the record that Richard Clow, James Redman, and Alexander Beckman had been engaged together in the sheep business, as partners, prior to said 24th of March, 1897; that on the organization of the corporation on said last-mentioned date the property theretofore owned by the copartnership, including a lease of a ranch of some three hundred and twenty acres, owned by Richard Clow, was transferred by said parties to the corporation on the tenth day of May, 1897, and on that date the said Richard Clow was elected or appointed president of said corporation, and agreed to give his time, skill, and attention, as president of the corporation, to the management of the business, and to serve it faithfully as herder during the life of the corporation, for which he was to receive thirty dollars per month, payable monthly; that on the fourth day of September, 1897, the said Richard Clow, with the consent and approval of the board of directors, resigned his office of president, quit the management of the company and the employment of herder, and left the state, and about the same time, for a valuable consideration, assigned his

stock and all his interest in the corporation to the plaintiff; that the plaintiff is the owner of two thousand shares of the capital stock of said corporation, and James Redman, Alexander Beckman, Annie Redman, and Louisa Beckman own, respectively, one thousand shares each; that about the first day of October, 1897, James Redman and Alexander Beckman, who were the only officers of the corporation remaining after Richard Clow resigned the office of president, sold the herd of sheep for the sum of $5,826.50, and abandoned the corporation and its business; that the season's clip of wool sold for $1,003.59, all of which moneys Redman and Beckman appropriated to their own use. Upon the institution of this suit, upon the application of the plaintiff, receiver was appointed by the court, to whom the assets of the corporation, including some $2,000 in money, were turned over. It does not appear that any accounting has ever been had with or made by said receiver, but the court, in its findings of fact, enumerates certain articles of personal property "still on hand and belonging to said corporation," and then proceeds to designate by whom the various articles were furnished to the corporation. In its enumeration of the assets of the corporation no mention is made by the court of the lease for five years of the ranch, executed by Richard Clow to the corporation; but the court finds that "$4,830.09 of the money of the corporation" is now in the possession of James Redman and Alexander Beckman. As conclusions of law the court finds: "1. The said corporation be dissolved, and the lease executed by Richard Clow, conveying the ranch described in the complaint be canceled, and the possession of the said ranch be delivered back to the said Clow, and that he hold the same as if the said lease had never been made. 2. That the property of said corporation remaining unsold be sold and disposed of, and that the funds and the money arising therefrom, together with all the other funds and moneys of said corporation, be distributed as follows: To James Redman, what he contributed to the capital stock and expenditures; to Alexander Beckman, what he contributed to the capital stock and expenditures; to Linnie Clow, what she and her assignor, Richard Clow, contributed to the capital stock, and expenditures. That the profits, if any, shall be divided equally be-

tween the three last-mentioned parties; and that each of the said three parties pay the costs of this action, share and share alike." The judgment is as follows: "1. That the corporation defendant, the C. B. R. Sheep Company, be dissolved. 2. That the receiver pay first the costs of this action, including a compensation to himself of thirty-five (35) dollars. 3. That he pay to the plaintiff the amount which she and her assignor contributed to the business, both as capital stock and expenditures, to wit, the sum of $677, and further sum of $160.92, being her share of the net profits. 4. That, after the payment of the said two sums to the plaintiff, he pay over the residue in his hands to James Redman and Alexander Beckman, the same, with the moneys already in their possession, being the amount which they contributed in both capital stock and expenditures to the business of the said corporation, together with their share of the net profits; their share being two-thirds thereof. 5. It is further ordered, adjudged, and decreed that said receiver proceed at once to sell and dispose of for cash all the property of said corporation yet remaining unsold, and that he first pay the expenses of the sale, the costs of this action, and his compensation out of the proceeds thereof, and distribute the residue thereof to the plaintiff one-third and the remaining two-thirds to James Redman and Alexander Beckman. Dated this third of September, A. D. 1898. Filed Sept. 3, 1898. D. W. Standrod, Judge." It is from the "third," "fourth," and "fifth" paragraphs of the judgment that this appeal is taken.

In rendering its judgment the district court seems to recognize some binding force in the partnership existing between the parties prior to the organization of the corporation. This is evidenced by the fact that in the order of distribution Annie Redman and Louisa Beckman are ignored entirely. A portion of what constituted the capital stock of the corporation, to wit, the five years lease of the Clow ranch, is given summarily to the plaintiff, without any indication or intimation as to its value, or the value of the use of the ranch during the existence of the corporation. "The capital stock of a corporation is that money or property which is put into a single corporate fund by those who, by subscription therefor, become members of the

corporate body. That fund becomes the property of the aggregate body only. A share of the capital stock is the right to partake, according to the amount put into the fund, of the surplus profits of the corporation, and ultimately on the dissolution of it, of so much of the fund thus created as remains unimpaired and is not liable for debts of the corporation." (*Burrall v. Railroad Co.,* 75 N. Y. 216.) Counsel for respondents states in his brief that, "as a matter of fact, the court announced from the bench that it held this to be a partnership, and that the business had been conducted under the agreement to form a copartnership, and that the court would treat it as a partnership in rendering its decision, and fixing the property rights of the respective parties." But in its "ninth" finding of fact the court finds: "That the C. B. R. Sheep Company was and is a corporation, both *de jure* and *de facto,* and was such from the twenty-fourth day of March, 1897; and it was the intention of said parties, and each of them, at the time of the organization of the corporation, to transfer the property in these findings described to the said corporation, so as to place the title of the same in it." We think the findings of the court hardly agree with the statement of counsel in his brief, though, "as a matter of fact," both may be true. Still this court must be governed by the findings of fact as they appear in the record. It is not the province of this court, upon the record before us, to pass upon the honesty or fairness of the distribution of the assets of the corporation as made, but to decide whether such distribution has been directed as required by law. We do not think that the law contemplates that the court may portion out certain of the assets of a corporation arbitrarily among the stockholders, without reference to value, and then order a sale of the balance. We think the "fifth" paragraph of the judgment should be made applicable to all the assets of the corporation, except the moneys on hand, including the lease of the Clow ranch for five years; and that, when so sold, the proceeds of such sale should be distributed among the stockholders according to the amount of stock held by each. It might be that the remainder of the lease would be of more value than all the personal property and money owned

by the corporation.  In that case it would be manifestly un-
just that the plaintiff should be awarded the remainder of it..
"Where lands are conveyed absolutely to a corporation having
stockholders, no reversion or possibility of a reverter remains.
in the grantor" (*Heath v. Barmore,* 50 N. Y. 305), and we
apprehend the same rule would apply to the case of a lease of
lands to a corporation for a term of years.  While the court
finds that the C. B. R. Sheep Company was and is a corpora-.
tion, and proceeds to declare a dissolution of the same, in its
judgment it treats said defendant corporation as a mere co-
partnership.  This is not the action contemplated by section
4330 of the Revised Statutes, which defines the rights of stock-
holders in a corporation in case of a dissolution.  There was no
motion for a new trial in this case, and, the appeal being from
a part of the judgment only, the case is remanded to the dis-
trict court, with directions to modify the judgment in accord-
ance with the views herein expressed.  Costs to appellant.

Quarles and Sullivan, JJ., concur.