## MARKLE *v.* BURGESS.

[No. 21,886.   Filed June 7, 1911.]

1. CORPORATIONS.—*Stock.*—The capital stock of a corporation is the sum of money fixed by the charter thereof as the amount paid, or to be paid, by the stockholders for the prosecution of the business of the corporation; and such stock belongs to the corporation, but the shares are the property of the shareholders. p. 27.

2.  CORPORATIONS.—*Assets.—Stock.*—The capital stock of a corporation does not vary, though the assets may.   p. 28.
3.  CORPORATIONS.—*Stock.—Certificates.*—A certificate of stock is a written acknowledgement by the corporation of the shareholder's interest in the corporate property, and entitles the owner to his ratable share in the proceeds of the assets of the corporation after its debts are paid.   p. 28.
4.  CONTRACTS.—*Breach.—Corporations.—Stock.—Instructions.*— In an action for damages for the breach of a contract to cause certain stock of a corporation to be transferred to plaintiff, an instruction for the purpose of determining the value of the stock in question that "the stock of a corporation is liable for the *bona fide* debts of the corporation," instead of stating that all the property of the corporation is liable for its debts, is not prejudicial to defendant.   p. 28.
5.  CONTRACTS.—*Breach.—Corporations.—Stock.—Value.—How Determined.—Instructions.*—In an action for damages for the breach of a contract to cause certain shares of stock in a corporation to be conveyed to the plaintiff, an instruction for the purpose of determining the value of the stock in question that "the value of the stock of a corporation may   *   *   *   be determined by the debts of the corporation," is not prejudicial to the defendant. p. 28.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by Roy N. Burgess against George B. Markle. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.   *Affirmed.*

*Reuben Conner, Lon Conner* and *A. L. Chrisman,* for appellant.

*D. W. McKee, J. I. Little* and *H. L. Frost,* for appellee.

MORRIS, J.—Action by appellee against appellant for damages for breach of an oral contract.  The complaint alleged that defendant purchased the plant of the General Gas Electric and Power Company, of Connersville, and it was transferred to a new corporation organized by defendant and others, with a capital stock of $100,000, divided into 1,000 shares of the par value of $100 each, of which defendant became the owner of 995 shares; that defendant agreed with plaintiff that, in consideration of certain services to

be performed by plaintiff in negotiating for the purchase of the plant, the organization of the new company, and in assisting in managing the business of the new corporation for a period, defendant would cause to be assigned and transferred to plaintiff certificates of shares in the stock of the corporation, representing one-sixth thereof; that the services were performed for defendant, but on demand he refused to perform his obligation with reference to the transfer, and the relief demanded is the value of the stock that defendant refused to cause to be transferred. There was a trial by jury, and a verdict for plaintiff in the sum of $2,000.

The only error relied on by appellant is the giving by the court, on its own motion, of that portion of instruction eleven, which reads as follows: "As a principle of law the stock of a corporation is liable for the *bona fide* debts of the corporation. And the value of the stock of a corporation may therefore be affected or determined by the debts of the corporation."

Counsel for appellant criticise this instruction for two reasons: (1) Because the stock of a company is not liable for the debts, but the debts must be paid out of the assets or property before any part thereof can be used for the redemption of stock; (2) because the value of the stock cannot be determined, alone, from its debts.

The capital stock of a corporation of this nature is the sum of money fixed by the corporate charter as the amount paid in, or to be paid in, by the stockholders, for the 1. prosecution of the business of the corporation and for the benefit of corporate creditors. 1 Cook, Corporations (6th ed.) §8; 6 Cyc. 348. The capital stock belongs to the corporation, considered as a legal person, and the shares are the property of the individual shareholders. 10 Cyc. 364, 365. The capital stock is to be distinguished from the amount of property owned by the corporation. Generally the capital stock does not vary, although the actual

property of the corporation may fluctuate widely in value. Sometimes the word "stock" has been used to indicate the same thing as capital stock, but stock generally means shares of stock. 1 Cook, Corporations (6th ed.) §8.

A share of stock may be defined as a proportional part of certain rights in the management and profits of the corporation during its existence, and in the assets upon dissolution. 1 Cook, Corporations (6th ed.) §12. A stock certificate is a written acknowledgment by the corporation of the interest of a shareholder in the corporate property, and occupies a position similar to other muniments of title. 10 Cyc. 588. It is evidence of his ratable share in the distribution of the assets of the corporation on the winding up of its business. The capital stock is a liability of the corporation to its shareholders, after creditors' claims have been liquidated. All the property of the corporation, including its capital stock, is liable for the payment of corporate debts.

While an instruction informing the jury that all the property of the corporation is liable for the payment of its indebtedness would have been preferable, we do not think that appellant was harmed by the instruction given in the particular claimed by counsel in the first point of their criticism.

The second point of criticism that the court erroneously instructed the jury that the value of the stock might be "determined by the debts of the corporation" is urged with vigor.

Appellee's claim was for an amount equal in value to one-sixth of the shares of stock in the company. Appellee was seeking to minimize the *bona fide* indebtedness of the corporation. Appellant offered evidence tending to show that the liabilities of the company were about equal in value to its assets. The real value of all the shares was the difference between the values of the assets and the debts. Conse-

quently the amount of indebtedness became a determining factor. Expert witnesses stated their opinions as to the value of the entire property of the company. If the jury had, after considering this evidence, reached a conclusion with reference to the value of the property, then, in determining the value of the shares of stock, nothing but the amount of debts remained for consideration; and in such case, the instruction could not have been harmful. It will be noted, moreover, that the instruction did not inform the jury that the value of the stock "might" or "must" be determined from the debts alone, but simply that the value of the stock "may" be determined by the debts.

While the instruction is subject to criticism, it would seem that appellee, rather than appellant, was the one who might have been harmed thereby. The instruction was calculated to emphasize, if not to exaggerate, the importance of the question of indebtedness, but this error could have harmed only appellee. For such error, a judgment will not be reversed. Judgment affirmed.