DEPARTMENT OF TREASURY OF INDIANA *v.* CROWDER.

[No. 27,056. Filed May 31, 1938.]

*Philip Lutz, Jr.,* Attorney-General, *Joseph W. Hutch-*

*inson*, Assistant Attorney-General, and *Joseph T. Mc-Namara*, Deputy Attorney-General, for appellant.

*Pickens, Gause, Gilliom & Pickens*, for appellee.

TREMAIN, J.—Pursuant to Section 12 of Chapter 50 of the Acts of the General Assembly of 1933, Sec. 64-2612 Burns' Ind. St. 1933, §15992 Baldwin's Ind. St. 1934, the appellee filed this action against the appellant to recover the sum of $331.55 paid as gross income tax upon the receipt of $33,155 as the appellee's distributive share of the corporate assets of the Crowder-Cooper Shoe Company, upon voluntary liquidation of the corporation.

Facts are alleged showing a compliance with the section of the statute which entitled appellee to maintain this action. Appellant's demurrer to the complaint was overruled; answer in general denial was filed; trial and judgment was rendered in favor of appellee.

The errors assigned are: Overruling appellant's demurrer to the complaint and motion for a new trial, based upon the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The question presented involves a construction of Chapter 50, Acts 1933, Sections 64-2601 to 64-2629 Burns' Ind. St. 1933, §§15981-16010 Baldwin's Ind. St. 1934. If the distributive share of appellee, paid to him on dissolution of the corporation, is taxable, the cause should be reversed, otherwise affirmed.

The corporation was duly dissolved by the action of its directors and stockholders in the manner provided by statute. After all debts were paid, the net capital assets remaining were distributed to the stockholders. The appellee owned 349 shares of the capital stock, par value $100 each, and received as his share of the net assets distributed to him during the taxing period ending December 31, 1933, the sum above named. Said sum was paid to him solely on account of his rights as a stockholder in said corporation.

It is the appellee's position that the distributive share received by him does not constitute gross income and is not within the purview of the Gross Income Tax Act, for the reason that it defined the term "gross income" as "all receipts by reason of the investment of capital," and, therefore, the Legislature intended to tax the resultant of an investment, the accrual, gain or accretion, and did not intend to tax the investment·or the capital; that the phrase, "receipts by reason of the investment of capital," is limited to interest, accrual, or other emoluments; that any other construction would be inconsistent with the position which the Department of Treasury of Indiana has placed upon the act; that the transaction, which is the subject of this litigation, was never intended to be taxed by the Legislature, nor included within the provisions of the statute.

The term "gross income" is defined by clause (f), Section 1, of the act as follows:

"The term 'gross income,' except as hereinafter otherwise expressly provided, means the gross receipts of the taxpayer received as compensation for personal services, and the gross receipts of the taxpayer derived from trades, businesses or commerce, and the gross receipts proceeding or accruing from the sale of property, tangible or intangible, real or personal, or service, or any or all of the foregoing, and all receipts by reason of the investment of capital, including interest, discount, rentals, royalties, fees, commissions or other emoluments, however designated, and without any deductions on account of the costs of property sold, the cost of materials used, labor cost, interest or discount paid, or any other expense whatsoever, and without any deductions on account of losses."

The gross income tax constitutes one of the ordinary and general burdens of government from which persons and corporations are not exempt. For the purpose of taxation there is no distinction between a person and a corporation. The corporation is an in-

dependent legal entity, separate and distinct from its stockholders. The Crowder-Cooper Shoe Company and the appellee are separate and distinct entities or persons. Appellee owned shares of stock in the corporation. He did not own the capital. As stated in *Margle* v. *Burgess* (1911), 176 Ind. 25, 27, 28, 95 N. E. 308:

> "The capital stock belongs to the corporation, considered as a legal person, and the shares are the property of the individual shareholders. . . . The capital stock is to be distinguished from the amount of property owned by the corporation. Generally the capital stock does not vary, although the actual property of the corporation may fluctuate widely in value. . . .
>
> "A share of stock may be defined as a proportional part of certain rights in the management and profits of the corporation during its existence, and in the assets upon dissolution. . . . It is evidence of his ratable share in the distribution of the assets of the corporation on the winding up of its business. The capital stock is a liability of the corporation to its shareholders, after creditors' claims have been liquidated. All the property of the corporation, including its capital stock, is liable for the payment of corporate debts."

*State* v. *Krasher* (1908), 170 Ind. 43, 83 N. E. 498.

When the appellee received funds on the final liquidation of the corporation, he received it from another distinct legal entity. The appellee, as a stockholder, had no claim to the corporate property until all the debts and obligations of the corporation had been paid in full, and the officers had directed the distribution of the net assets to the stockholders. The individual stockholder had no claim to the corporate property of the corporation which would have enabled him to convey, assign, or mortgage it. All he could do was to assign his shares of stock. *Humphreys* v. *McKissock* (1891), 140 U. S. 304, 11 S. Ct. 779, 35 L. Ed. 473.

The appellee has sought to limit the application of the Gross Income Tax Act to income, receipts or emolu-

ments, and for that reason argues that it cannot apply to the transaction herein. This act was before the court in *Miles* v. *Department of Treasury* (1935), 209 Ind. 172, 199 N. E. 372, wherein the court said (p. 195) :

> "It is contended that the word 'income,' as used in the title of the act, is not broad enough to cover gross receipts or gross income within the intent of the act. But the term 'gross income' is used in the title. This term is understood by lexicographers, and in common usage, to mean total receipts."

It is a tax upon total receipts without deductions of any sort, either "on account of the costs of property sold, the cost of materials used, labor cost, interest or discount paid, or any other expense whatsoever, and without any deductions on account of losses." The purpose of the Gross Income Tax was to levy a tax upon the receipts of all sums coming into the hands of the taxpayer, without regard as to whether or not he may have suffered an actual loss in the transaction. It includes "the gross receipts of the taxpayer derived from trades, businesses or commerce . . . and all receipts by reason of the investment of capital." This language, from clause (f), *supra,* indicates that the Legislature meant something more than gain, increments, or additions which flow from the investment of capital. Clearly the Legislature did not mean to tax only earnings from investments.

The appellee argues that because the phrase "all receipts by reason of the investment of capital" is followed by the phrase "including interest, discount, rentals, royalties, fees, commissions or other emoluments," the property of the taxpayer subject to taxation is limited by the use of the word "including." After clause (f) enumerated all the property subject to tax, it then added the phrase beginning with the word "including," which clearly is used with the intent and purpose of enlarging the act rather than limiting it.

Clause (g) of Section 1 clearly indicates the intention

and purpose of the Legislature in respect to gross income upon certain investments, wherein the tax is not levied except upon the gross earnings. For example, under clause (g), a party may loan the sum of $1,000, bearing six per cent. interest and due in one year. Upon maturity the debt is paid. The principal is not subject to the Gross Income Tax, but the $60 is subject to it.

It is unnecessary to discuss the distinction between a corporation and a partnership. Suffice to say that the receipts of a corporation are subject to the gross income tax, while Section 8 of the act expressly provides that copartnerships are not subject to the tax, but the receipts are taxed to the individual partners.

Rules and regulations promulgated by the Department of Treasury, and referred to in oral argument, do not affect the particular question considered in this opinion.

Upon the whole, Chapter 50 of the Acts of 1933 clearly shows its scope and purpose to be to levy a tax upon all income and not to limit the tax to accretions flowing from invested property, except as herein pointed out. Had the appellant company continued to function as a corporation and declare dividends to its stockholders, it would hardly be denied that such dividends were subject to the tax. Since it ceased to exist as a separate entity and chose to dissolve the corporation and pay its debts as required by statute, no legal reason is apparent why the net assets of the corporation, remaining for distribution to the stockholders, should not be subject to the tax, under clause (f), and the court holds that the lower court committed reversible error in overruling the appellant's demurrer to the appellee's complaint.

It is therefore ordered that the cause be reversed and the lower court directed to sustain appellant's demurrer to the complaint.