

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas


Dear Mr. Sheppard:

Opinion No. 0-6871
Re: If the one per cent sales tax levied
under Article 7047(k), V.A.C.S.,
must be paid when a motor vehicle
owned by a corporation which is being
dissolved is transferred to a partner-
ship composed of the stockholders of
the corporation.

We have your request for an opinion, which is as
follows:

"The question has been presented to this department
as to whether the one per cent sales tax levied under
Article 7047(k), Revised Civil Statutes, applies when
title to the motor vehicle is held by a corporation and
the said corporation voluntarily dissolves and the stock-
holders of the corporation form a partnership, taking
over the assets and physical properties of the corporation.
It is presumed the partners in the partnership hold the
same interests in the partnership as they each held in
the corporation. Application is made to the County Tax
Collector to transfer the title to the motor vehicles
owned by the corporation to the new partnership.

"Is the County Tax Collector authorized to make
the transfer without the payment of the one per cent tax
levied under Article 7047(k)?"

In order to clarify your letter we quote from the
letter of the Assessor-Collector of Tarrant County:

"The question has been raised with this office regarding the 1% Sales Tax on the transfer as stated below:

"On September 10th, 1945, four men formed a partnership and purchased all the common stock of the Maddox Milk Products Co. Inc. of Fort Worth, Texas. Now these gentlemen are dissolving the corporation and are going to operate under the name of Crystal Pure Dairies and want to apply for new titles on all the motor vehicles, but they claim they can make an affidavit that there is no sales tax due but just a change of operating name, inasmuch as they did not buy equipment and good will but purchased 'Common Stock' of said corporation."

From the above it would appear that the Maddox Milk Products Company, Inc., of Fort Worth, Texas, was a corporation. We have made an examination of the charter of said company in the office of the Secretary of State of the State of Texas, and found that said company was duly incorporated with the capital all subscribed, fully paid, and all shares were common stock.

A corporation, as to its property, is a mere trustee for its stockholders. Lenawee County Savings Bank v. City of Adrian, 33 N. W. 304, 305, 66 Michigan 273.

"'Common stock' is the ordinary stock of the corporation, whether issued at its formation or afterwards, which entitles the owner to pro rata dividends without any privity or preference over any other stockholders or class of shareholders but equally with all other stockholders, except preferred stockholders. . . . A stockholder of common stock has the right of attending and voting at meetings of the corporation, participation in the election of officers, the formation of by-laws, the participation in the profits and losses, and in the final division of the property upon dissolution." Storrow v. Texas Consolidated Compress and Manufacturing Association, 87 F. 612, 31 C. C. A. 139. (Appealed from the Circuit Court of the U. S., Eastern District of Texas). (Emphasis ours)

"A 'stockholder' is the owner of his shares absolutely, and has a right to manage his property as suits his own notions." Bird Coal & Iron Co. v. Hume, 27 A. 750, 752, 157 Pa. 278, 37 A. St. Rep. 727.

"The 'stockholders' of a business corporation are partners, with rights and liabilities fixed by the general or special law, which is a part of their contract." In re opinion of Justices, 33 A. 1076, 1082, 66 N. H. 629. (Emphasis ours)

"A 'share of capital stock' is the right to partake, according to the amount put into the fund, of the surplus profits, and, upon dissolution of the corporation, of the fund remaining after the payment of debts; the right to participate in the profits or in a final distribution of the corporation property pro rata. . . ." Pietsch v. Krause, 93 N. W. 9, 11, 116 Wis. 344, and other cases therein cited; Clow v. Redman, 57 P. 437, 439, 6 Idaho 568; Markle v. Burgess, 95 N. E. 308, 309, 176 Ind. 25, citing 1 Cook on Corporations, Sec. 12. (Emphasis ours)

"A 'share of corporate stock' signifies an aliquot part of the corporation's property, and is but evidence of the right of the owner thereof to share in proceeds of such property." Warren v. New Jersey Zinc Co., N. J. Ch. 173 A. 128, 132, 16 N. J. Eq. 315.

"A 'share' of the stock of a corporation is the title of the shareholder to his proportion of the corporate property." Donnell v. Wyckoff, 7 A. 672, 674, 49 N. J. L. 48. (Emphasis ours)

Dissolution of a Texas corporation is effected under Chapter 8 of Title 32 of the Revised Civil Statutes of Texas, 1925. The articles so far as governing the matter under consideration are as follows:

"Article 1387. 1205, 680, 604  How dissolved

"A corporation is dissolved:

". . .

"4. When, without a stockholders' meeting, all the stockholders of the corporation consent in writing to a dissolution, the same shall be certified to as above and filed with the Secretary of State. When any such certificate is filed with the Secretary of State, he shall issue a certificate that such consent has been filed and that the corporation is dissolved; and said officer shall so note on the ledger in his office.

". . ."

"Art. 1388.   1206-7   Liquidation by officers

"Upon the dissolution of a corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution shall be trustees of the creditors and stockholders of such corporation, with power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and for this purpose they may in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and exercise full power and authority of said company over such assets and property.  Said trustees shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands." (Emphasis added)

"Art. 1389. 1206, 682, 606   Extension of existence

"The existence of every corporation may be continued for three years after its dissolution from whatever cause, for the purpose of enabling those charged with the duty, to settle up its affairs. . . ." (Emphasis added)

The archives of the office of the Secretary of State of the State of Texas disclose that the Maddox Milk Products Company, Inc., was dissolved by virtue and under the articles above quoted and set out.

"A 'partnership' is a relation or status between two or more competent parties, uniting labor or property, or both, in lawful enterprise. . . . In absence of statute regulating general partnership, common-law rules govern cases involving partnership questions." Allison v. Campbell, 298 S. W. 523, 117 Tex. 277. Rehearing denied (1928) 1 S.W. (2d) 866, 117 Tex. 277.

Article 1436-1, V. A. P. C., being the Motor Vehicle "Certificate of Title Act," so far as affecting the matter under consideration, reads as follows:

"Section 1. This Act shall be referred to, cited, and known as the 'Certificate of Title Act,'. . . The following terms, as herein defined, shall control in the enforcement and construction of this Act. As amended Acts 1941, 47th Leg., p. 343, ch. 187, Ől.

". . .

"Sec. 24. The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the Department.

". . .

"Sec. 27. Before selling or disposing of any motor vehicle required to be registered or licensed in this State on any highway or public place within this State, except with dealer's metal or cardboard license number thereto attached as now provided by law, the owner shall make application to the designated agent in the county of his domicile upon form to be prescribed by the Department for a certificate of title for such motor vehicle.

". . .

"Sec. 35. Whenever the ownership of a motor vehicle registered or licensed within this State is transferred by operation of law, as upon inheritance, devise or bequest, bankruptcy, receivership, judicial sale, or any other involuntary divesture of ownership, the Department shall issue a new certificate of title upon being provided with certified copy of the probate proceedings, if any (if no administration is necessary, then upon affidavit showing such fact and all of the heirs at law and specification by the heirs as to in whose name the certificate shall issue), or order or bill of sale from the officer making the judicial sale, except however, that where foreclosure is had under the terms of a lien, the affidavit of the person, firm, association, or corporation or authorized agent, of the fact of repossession and divestiture of title in accordance with the terms of the lien, shall be sufficient to authorize the issuance of a new certificate of title in the name of the purchaser at such sale, and except

further that in the case of the foreclosure of any Constitutional or Statutory lien, the affidavit of the holder of such lien, or if a corporation, its agent, of the fact of the creation of such lien and the divestiture of title by reason thereof in accordance with law, shall be sufficient to authorize the issuance of a new certificate of title in the name of the purchaser.

". . .

"Sec. 38. The Department shall refuse issuance of a certificate of title, or having issued a certificate of title, suspend or revoke the same, upon any of the following grounds:

". . .

"(c) That the registration of the vehicle stands suspended or revoked.

"(d) That the required fee has not been paid.

". . .

"Sec. 57. Each applicant for a certificate of title or re-issuance thereof shall pay to the designated agent the sum of Fifty (50) Cents, of which Twenty-five (25) Cents shall be retained by the designated agent, from which he shall be entitled to sufficient money to pay expenses necessary to efficiently perform the duties set forth herein; and the remaining Twenty-five (25) Cents shall be forwarded to the Department for deposit to the State Highway Fund, together with the application for certificate of title, within twenty-four (24) hours after same has been received by said designated agent, . . . As amended Acts 1941, 47th Leg., p. 343, ch. 187, 16; Acts 1943, 48th Leg., p. 404, ch. 272, 0 1.

". . .

"Sec. 63. . . .

"(c) The owner of a motor vehicle registered in this State shall not after January 1, 1942, operate or permit the operation of any such motor vehicle upon any highways without first obtaining a certificate of title therefor from the Department, nor shall any person operate any such motor vehicle upon the public highways knowing or having reason to believe that the owner has failed to obtain a certificate of title therefor."

Article 7047k, Motor vehicle retail sales tax, reads as follows:

"Section 1. (a) There is hereby levied a tax upon every retail sale of every motor vehicle sold in this State, such tax to be equal to one (1) per cent of the total consideration paid or to be paid to the seller by the buyer, which consideration shall include the amount paid or to be paid for said motor vehicle and all accessories attached thereto at the time of the sale, whether such consideration be in the nature of cash, credit, or exchange of other property, or a combination of these. In the event the consideration received by the seller includes any tax imposed by the Federal Government, then such Federal tax shall be deducted from such consideration for the purpose of computing the amount of tax levied by this Article upon such retail sale.

". . .

"Sec. 3. (a) The term 'sale' or 'sales' as herein used shall include instalment and credit sales, and the exchange of property, as well as the sale thereof for money, every closed transaction constituting a sale. The transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale.

"(b) The term 'retail sale' or 'retail sales' as herein used shall include all sales of motor vehicles except those whereby the purchaser acquires a motor vehicle for the exclusive purpose of resale and not for use.

". . .

"Sec. 5. The taxes levied in this Article shall be collected by the Assessor and Collector of Taxes of the county in which any such motor vehicle is first registered or first transferred after such a sale; the Tax Collector shall refuse to accept for registration or for transfer any motor vehicle until the tax thereon is paid.

". . ."

In the transactions bearing upon the question of liability for the one (1%) per cent motor vehicles sales tax of the Maddox Milk Products Co., Inc., in view of the decisions and statutes hereinbefore set out and quoted, we conclude that there was no sale by said company, a corporation, to the Crystal Pure Dairies, a partnership. The corporation was owned by its stockholders. It held the property belonging to it as a mere trustee for its stockholders. (See citation ante). The stockholders formed a partnership. The corporation was dissolved by consent of all the stockholders. The officers and directors became trustees for the stockholders - who were the same persons. The trustees have the statutory right to settle the affairs of the dissolved corporation. (Art. 1388). The corporation belonged to its stockholders who are now partners, who now own the same property that they owned when the corporation existed. The owners as partners only adopted a different method other than corporate to carry on their business, which they had a legal right to do. The transfer was by operation of law. (Sec. 35, Art. 1436-1, V. A. P. C.). The trustees, formerly officers and directors of said dissolved corporation, acting in the capacity of receivers in settling the affairs of the corporation, which was dissolved, (Sec. 35, Art. 1436-1, V. A. P. C., and Art. 1388, R. C. S.) and there was no "sale" or "retail sale" as contemplated within Art. 7047k.

It is the opinion of this Department that no liability for the one (1%) per cent "Motor Vehicle Retail Sales Tax" in the transaction was incurred, and the tax is not due and payable. It is our further opinion that the Crystal Pure Dairies may obtain certificates of title for any motor vehicle or vehicles acquired in said transaction, as prescribed in Sec. 35 of Art. 1436-1, V. A. P. C., and that the provisions of Sec. 5, of Article 7047k do not apply to the transaction under consideration.

We are herewith returning your files as requested.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Jos. V. Frnka

Jos. V. Frnka
Assistant

JVF:AMM

ENCLOSURES

APPROVED NOV 6 1945

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN